79  515
52a 409

79  515
e98a ² 30
98a ³ 30

</div>

## AUSTIN C. BURLINGAME

*v.*

## JOSEPH BREWSTER.

1. PROMISSORY NOTE—*in what capacity executed.* A promissory note, executed by individuals describing themselves as trustees of a society, which shows a personal undertaking, and in which there is no attempt, by apt words, to bind the society, is the mere personal undertaking of the signers.

2. ALTERATION—*whether material.* Where a promissory note is executed by a part of the makers, and delivered to the payee, and he makes an alteration in the note, and then the other makers sign it, without knowledge of such alteration, the liability of those subsequently signing is not affected by the alteration, unless it is so material as to discharge the previous signers from liability, in which case the liability of the subsequent signers would be affected.

3. A promissory note, which read, "I promise to pay," etc., was executed by three persons, and space left for the signature of a fourth, and below the signatures and space was written the words: "As trustees of First Universalist Society." The note, in this condition, was given to the payee, for the purpose of obtaining the signature of the fourth maker. The payee tore off the words, "as trustees of First Universalist Society," and, without notifying the defendant, obtained his signature to the note: *Held*, that the alteration was not so material as to discharge those first signing the note, and consequently the last signer was liable as well as all the others.

APPEAL from the Circuit Court of LaSalle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. J. W. BROWN, and Mr. C. H. BRUSH, for the appellant.

Messrs. BUSHNELL, BULL & GILMAN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Suit was brought against the appellant, Burlingame, alone, on a promissory note, of which the following is a copy:

"EARLVILLE, ILL., *Jan.* 1, 1871.

"One year after date I promise to pay Joseph Brewster, or order, the sum of four hundred and sixty 70-100 dollars, at the office of the Exchange Bank, Earlville, Ill., with ten per cent interest from date, until paid.

"C. C. WARREN,
"THOMAS PENDIEU,
(Signed.)        "CHAS. M. SMITH,
"A. C. BURLINGAME."

Defense was interposed by pleas filed for that purpose, setting up, in substance, that the consideration of the note was building material purchased by the signers of the note as trustees of the First Universalist Society of Earlville ; that after the note was signed by Warren, Pendieu and Smith, they appended, below their signatures, leaving a blank for appellant's signature, the words, "as trustees of First Universalist Society," and in this condition placed the note in the hands of appellee, to obtain appellant's signature ; that appellee fraudulently, etc., and without informing appellant thereof, tore from the note the words "as trustees of the First Universalist Society," before presenting the same to appellant for his signature. Demurrer was sustained to the pleas, and the question is whether the defense should have been allowed.

There being no pretense that the note has been altered or changed since appellant's signature was affixed to it, the only inquiry is, did the tearing of the words "as trustees of First Universalist Society of Earlville" from the note, materially

change or alter it, so as to discharge the previous signers from liability on it? If it did, it is evident that appellant's liability is affected, for he signed upon the assumption of the co-liability of these parties; if it did not, he is unaffected by the alteration, and the defense was properly disallowed.

The body of the note shows a personal undertaking. Its language is, "I promise to pay," etc., which is inconsistent with the idea of corporate liability ; and while the words torn from the note, following the signatures, would show that it was as trustees they were induced to make the note, they do not show any attempt, by words usually deemed apt for that purpose, to bind the corporation. Such notes have been repeatedly held to be the mere personal undertaking of the signers. *Hills* v. *Bannister*, 8 Cowen, 31 ; *Eaton* v. *Bell*, 5 Barn. & Adolphus, 34 ; *Sturdivant* v. *Hall*, 59 Me. 172; *Barlow* v. *Congregational Society in Lee*, 8 Allen, 460 ; *Andrews* v. *Estes*, 11 Me. 270 ; *Slawson* v. *Loving*, 5 Allen, 342 ; *Draper* v. *Mass. Steam Heating Co.* 5 Allen, 338.

Our conclusion is, that the alleged alteration of the note in nowise affected the liability of any of the signers to it, and that there was no error in the ruling of the court below.

The judgment is affirmed.

*Judgment affirmed.*

Mr. Chief Justice Scott, and Mr. Justice Sheldon, dissenting.