## The People of the State of Illinois ex rel. Oscar Nelson v. Ridgeway State Bank.
## In re Petition of Louis Jaffie, Appellant, v. William L. O'Connell, Appellee.

### Gen. No. 38,779.

Opinion filed November 4, 1936. Rehearing denied November 27, 1936.

LOUIS JAFFIE, *pro se.*

ODE L. RANKIN, of Chicago, for appellant; ODE L. RANKIN, of counsel.

JETZINGER & QUINN, of Chicago, for appellee.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from an order entered by the trial court dismissing the petition of Louis Jaffie which was filed against William L. O'Connell, successor receiver of the Ridgeway State Bank.

As near as we can gather from the limited information given to us from the briefs and abstract, it appears that on October 21, 1935, a petition was filed by William L. O'Connell as receiver of the Ridgeway State Bank, stating that he was engaged in the liquidation of the assets, properties and effects of said corporation pursuant to the statutes; that among the assets of said bank in possession of the receiver is a judgment obtained upon a note of Nathan Weiner, in the amount of $2,000 signed by the Congregation Bnai Zion, a religious corporation, also a $3,000 subordinated mortgage note signed by one A. Menle, which latter note is in default and had been foreclosed upon and is of no value; that with respect to the $2,000 split mortgage note the same is a portion of a $10,000 mortgage indebtedness, which was issued subject to a first mortgage secured by the premises of the religious corporation; that recently he is in receipt of an offer which has been made to purchase a $2,000 default note, which is evidenced by Bonds Nos. 28 and 29, each for the sum of $50, and Bonds Nos. 121 to 130, inclusive, and Nos. 132 to 140, inclusive, each in the sum of $100, for the sum of $800 in full payment of said note.

The receiver's petition further states that upon receipt of the offer he investigated the advisability of the acceptance thereof, and after due examination of the facts surrounding the same, he is of the opinion that the said Nathan Weiner is financially insolvent and is unable to pay his indebtedness and that the offer herein made is the best one that can be obtained and based upon these facts has decided to accept same, subject, however, to the approval of the court and the auditor of public accounts.

Continuing the receiver's petition prays the court to enter an order authorizing and directing him to sell a $2,000 split mortgage note evidenced by Bonds Nos. 28 and 29, each in the sum of $50 and Bonds Nos. 121 to 130 and 132 to 140, inclusive, each in the sum of $100, said mortgage note having been executed by the Congregation Bnai Zion, and heretofore deposited amongst other collateral as security to the indebtedness of one Nathan Weiner for the sum of $800 in cash.

There is then presented a letter addressed to William L. O'Connell as receiver of the Ridgeway State Bank and signed by Edward J. Barrett, auditor of public accounts, in which it is stated:

". . . please be advised that based on your recommendation this office will approve your action in accepting eight hundred ($800.00) dollars in cash, in full payment of the said notes."

Thereafter on October 21, 1935, an order was entered by Judge Walter P. Steffen on motion of the solicitors for William L. O'Connell, in which order, after reciting the facts and circumstances hereinbefore set forth in the petition, it was stated:

"It is therefore Ordered, Adjudged and Decreed that leave is hereby granted William L. O'Connell, as receiver for the Ridgeway State Bank, to sell a Two Thousand Dollars ($2,000.00) split mortgage note evidenced by Bonds Nos. 28 and 29 each in the sum of

Fifty Dollars ($50.00), and Bonds Nos. 121 to 130 and 132 to 140, inclusive, each in the sum of One Hundred Dollars, ($100.00), said mortgage note having been executed by the Congregation Bnai Zion, and heretofore deposited amongst other collateral, as security to the indebtedness of one Nathan Weiner, for the sum of Eight Hundred Dollars ($800.00) in cash.'' This order was also approved by Edward J. Barrett, State auditor.

The petition further shows that thereafter on November 26, 1935, a petition was filed by one Louis Jaffie, who is the person who made the offer to William L. O'Connell to purchase the security for $800 in cash, in which petition he stated that prior to October 21, 1935, the said William L. O'Connell, receiver, sanctioned such purchase and the same was approved by Edward J. Barrett, State auditor; that Jaffie appeared before Charles Ummach, deputy receiver of William L. O'Connell, receiver, who requested him to deposit the sum of $50 as evidence of good faith, and in compliance with said request he deposited $50 with said deputy receiver; that after said order was entered by the court, he, Jaffie, appeared before said Charles Ummach, deputy receiver of William L. O'Connell, receiver, and requested the delivery of said bonds upon the payment of the balance of $750; that the received refused to deliver the bonds and the petitioner prays that a rule be entered upon the said William L. O'Connell, to show cause why the said bonds should not be turned over to the said petitioner Jaffie upon the payment of $750, which tender was made in open court, etc.

The court permitted this petition to be filed and said O'Connell, receiver, was ruled to answer said petition within seven days thereafter.

The answer of O'Connell was filed on December 10, 1935, in which he admitted that Jaffie, the petitioner, made an offer to purchase the security for $800, but

alleges that thereafter the said receiver had an offer of $1,350 for said property, which was far in excess of the offer made by Jaffie; that the said receiver O'Connell believes that he ought to accept the higher offer for said property in the interest of the depositors in said defunct bank and that the order hereinbefore entered authorizing the petitioner to accept the offer of said $800 for the bonds be vacated and set aside as not in the best interests of the estate; that he hereby tenders the sum of $50 to the petitioner, Louis Jaffie, which sum was paid by him as evidence of good faith.

The cause was heard on the petition and answer before Judge Walter Stanton in the superior court and the petition was dismissed for want of equity and the said O'Connell was further ordered to sell the securities to the highest bidder therefor. It is from this order that the appeal was taken.

From the record before us we cannot tell whether the receiver O'Connell was appointed by the court or whether he was a statutory receiver appointed by the auditor, or whether by the pleadings there was invoked the general power of a court of chancery, or whether the petition of the receiver was made under section 11 of the Banking Act, which provides that the receiver of the bank, appointed by the auditor, may dispose of its assets with the consent of any court of record.

It is to be noted that the order entered by Judge Steffen, although the petition asked that leave be given and the receiver *directed* to sell the securities for the sum of $800, merely gave leave to *sell* such securities. We gather from the order of Judge Steffen, the court restricted itself to merely giving leave to the receiver to sell with the court's consent. The petition does not allege that the property was *sold* to him but that the $50 deposit was paid as an evidence of good faith. No evidence was heard on the petitions or answers. It is very natural and, in fact, it would be the

duty of the receiver, if the sale was not completed, upon receiving information that the securities were worth more than had been offered, to sell them to the highest bidder. No order of the court was disobeyed by the receiver as he had received no directions from the court concerning the sale of the securities.

We are of the opinion that the order entered by the superior court, permitting the property to be sold at the higher price in order that the depositors and creditors of the bank should benefit thereby, was correct and for the reasons given herein the order of the superior court is affirmed.

*Order affirmed.*

HEBEL and HALL, JJ., concur.