In re WEST ST. LOUIS TRUST COMPANY, in liquidation, R. W. HOLT, as Commissioner of Finance of the State, in charge of the property and affairs of WEST ST. LOUIS TRUST COMPANY, v. LOUIS VAN BERG, Appellant.—146 S. W. (2d) 612.

Division One, January 4, 1941.

*Harry Gershenson* for appellant.

140

*Igoe, Carroll, Keefe & McAfee* and *V. A. Wallace* for respondent.

142

DALTON, C.—This action involves title to three vacant lots in St. Louis County. The circuit court entered an order authorizing respondent, Commissioner of Finance of the State of Missouri in charge of the property and affairs of the West St. Louis Trust Company, in liquidation, to sell said lots to appellant for $1400. Prior to the delivery of a deed to appellant, or other action under said order, the respondent received an offer of $2500 for said lots from third parties. Respondent thereupon presented an application to the circuit court to rescind its prior order authorizing sale to appellant and asked for an order authorizing the sale of the lots to said third parties for $2500. Appellant, at the same time, presented to the circuit court an application for an order of court requiring respondent to deliver a deed to him under the first order. A hearing was held upon the two applications and an order was entered rescinding the first order and authorizing respondent to sell the property to the third parties for $2500. All orders were entered at the same term of the circuit court. Appellant claims a vested right and interest in the described real estate by reason of the first order of the court and insists that the rescission of this order is "unfair, improper and illegal," and an unlawful interference with an alleged sale of the real estate to appellant. Appellant has taken all necessary steps to present the matter on appeal.

The real estate in question, unimproved property in Melrose Park, was a part of the assets of the West St. Louis Trust Company and had been in possession of respondent and prior liquidators since 1933. Respondent, through a special deputy, advertised the property and received an offer of $1400 from appellant. This sum was considered "a reasonable offer, though not a good offer." The special deputy advised appellant that he had no authority to sell the property but would consider the offer and submit it to the circuit court. Thereupon, appellant delivered to respondent's special deputy his personal check, dated September 14, 1939, for $100, drawn upon the State Bank and Trust Company of Wellston and payable to the order of West St. Louis Trust Company. Upon this check was the following notation: "Earnest Money Payment on Lots 1, 2, 3 Block I, Melrose Park. Subject to Court Order. Purchase Price $1400." On September 22, 1939, this check was endorsed in the name of respondent by his special deputy "in charge of West St. Louis Trust Company" and the check cashed.

On September 21, 1939, respondent, acting through his said special deputy, filed a duly verified petition in the circuit court for an order authorizing the sale of said real estate to appellant. The petition particularly described the real estate and among other things recited: ''Your petitioner has an offer from Louis Van Berg to purchase said property for the sum of $1400 net, less the sum necessary to adjust the taxes and other items to date of sale . . . Your petitioner further states in his opinion the price offered is a reasonable one . . . it will be to the interest of the West St. Louis Trust Company if he is authorized to sell the same for the sum mentioned.'' The prayer is for an ''order authorizing him to accept the aforesaid offer on the terms and conditions as stated.'' The petition was heard on September 25, 1939. At the hearing respondent's special deputy testified: ''The property ought to be worth more than $1400, but with the market as it is, it seems we haven't been able to get any more for it.'' The court inspected the property and advised respondent's special deputy he ''didn't think the price was enough,'' but an order was entered as follows: ''Ordered that R. W. Holt, as Commissioner of Finance of the State of Missouri, be, and he is, authorized for and on behalf of the West St. Louis Trust Company, of St. Louis, Missouri, to sell for the sum of $1400 net, . . . to Louis Van Berg,'' the particularly described real estate.

When the above order was entered of record respondent's special deputy secured a certified copy of the order of court for respondent's information and prepared a deed and forwarded it to Jefferson City for the signature of respondent. Before the deed was returned, respondent's special deputy received information that $2500 could be gotten for the property. When the duly executed deed was received, the special deputy retained it in his possession and, on October 9, 1939, received an earnest money offer of $2500 for the same three lots from Dorn and Bosel. On October 10, 1939, the special deputy, in respondent's name, presented a new duly verified petition to the circuit court for an order authorizing the sale of the particularly described real estate to Maurice A. Dorn and Antone Bosel and further prayed an order rescinding the order for the sale of the property to appellant. In the meantime appellant was advised of the new offer and respondent's special deputy offered to pay the $100 back to appellant but appellant did not accept it. Appellant denied there was an actual tender of the money to him.

Appellant, on learning of the new application for an order of sale, filed a petition with the circuit court for an order requiring respondent to deliver to him the deed to the property. The petition particularly described the property and, among other things, recited: ''Your petitioner further states that he offered the sum of $1400 net therefor, less the sum necessary to adjust the taxes and other items to date of sale, which offer was duly approved by this court, and an order, au-

thorizing the sale of the said real estate to the undersigned, was entered on the 25th day of September, 1939, upon the terms and conditions hereinabove set forth . . . Your petitioner . . . has at all times been ready, able and willing to complete said sale and pay the balance of the purchase price therefor; that he has made numerous demands upon the said Commissioner of Finance and his agents, and deputies to deliver to him a deed for said premises . . .; that in equity and good conscience it would be unfair and improper and illegal for this court to set aside its order authorizing the sale of the above real estate to the undersigned or to accept a new offer therefor." The prayer is "for an order . . . requiring the said Commissioner of Finance to forthwith deliver to the undersigned warranty deed to the above described property." Appellant further offered to pay the purchase price, "less one hundred dollars ($100.00) earnest money heretofore deposited by him," and asked that the petition for a rescission and for an order authorizing a sale to Dorn and Bosel be denied.

The petition of respondent for rescission of the first order and for a new order to sell, and the petition of appellant for an order requiring delivery of deed, were heard together before the court on October 13, 1939. Both parties were represented by counsel and offered evidence. In addition to the facts above set forth, it further appeared from appellant's evidence that the special deputy advised appellant prior to obtaining the first order of the court as follows: "Well, if the court approves it, that is your lot;" and that, subsequent to the making of the court's first order, the special deputy advised appellant: "It is your lot; it is all settled. . . . We are just waiting for the deed." Appellant testified that he was ready, "willing and able to go through with the deal." Respondent's special deputy still had the deed to appellant in his possession at the hearing. An offer to refund the $100 to appellant was made before the court during the hearing.

At the hearing respondent's representatives took the position that the court had only authorized the sale to appellant; that the sale had not been consummated by the delivery of a deed; that, in view of the substantial difference between the two offers, it was a matter for the court to determine which offer should be accepted; that there was no written contract of any kind with appellant and no intent to enter into any such contract; that no contract of sale had been approved by the court; and that the check was received as earnest money, and the check cashed, before the court authorized a sale of the property to appellant.

Respondent's position here is that no contract of sale was entered into with appellant; that if a contract was made it was within the Statute of Frauds, Section 2967, R. S. 1929 (3 Mo. Stat. Ann. 1835); that the check fails to show the city, county or state in which the

property is located; that the terms of the sale, other than the consideration are not stated; that the check, the order of court, and the deposit of earnest money are insufficient to make a contract; that the check is not physically attached to either the application or order of sale and not referred to therein; and that there was no part performance sufficient to take transaction out of the Statute of Frauds.

Appellant takes the position that there was a valid contract of sale of the real estate to appellant; that such contract was made ''by authority and direction of the court, and approved by it;'' that the contract vested in appellant an equitable interest in the real estate with the right to have legal title upon payment of the balance of the purchase price; that, although the court has control of its judgments during the term, it may not set aside an order, except on some legal ground; that no legal ground is stated in respondent's application to rescind the first order; that the court's rescinding order was arbitrary, oppressive and an abuse of discretion; that the check satisfied the Statute of Frauds; and that the statute was not pleaded as a defense and is not an issue in the case.

Appellant relies particularly on the case of Savings Trust Company of St. Louis v. Skain, 345 Mo. 46, 131 S. W. (2d) 566. In that case the trial court vacated an order authorizing the Commissioner of Finance in charge of the liquidation of the Savings Trust Company of St. Louis to sell certain of the Trust Company's real estate to the appellant therein for a specified sum. Subsequent to the entering of such order authorizing a sale, the Commissioner entered into a written sale contract with the appellant and received the payment of money upon the contract, and in accordance with the order of sale. The order was, thereafter, set aside by the court, without a hearing, and after issues had been joined upon an application filed by the Commissioner to have said order of sale set aside. The case therefore is not controlling here, although in the opinion a number of pertinent matters are fully discussed. The court there said: ''It may be true that if a court enter an order for the sale of property, but before the receiver and the court have taken any binding steps toward the consummation of the sale a more advantageous offer is obtained—it may be true, we say, in those circumstances that the court can revoke the order. [131 S. W. (2d) 566, 571, 572.] It is apparent therefore that the court did not rule on similar facts. In ruling respondent's status the court there said (131 S. W. (2d) 566, 570); ''There can be no doubt that the Commissioner has the status of a receiver in administering the assets of a bank in failing condition, though it is true he is appointed by statute and not by the court, and derives part, but not all of his authority from the statutes.''

Respondent in handling the assets of the West St. Louis Trust Company, in liquidation, was governed by the applicable statutes in Art. I, Chap. 34, R. S. 1929, Amended Laws 1939, pp. 774-796,

Mo. Stat. Ann., secs. 5282-5343, pp. 7526-7566. Under Section 5330, R. S. 1929, amended, Laws 1939, p. 791, the Commissioner "upon such terms as the court or judge thereof in vacation shall direct, may sell or otherwise dispose of all or any of the real and personal property of such corporation." In the case of Savings Trust Company of St. Louis v. Skain, supra (345 Mo. 46, 131 S. W. (2d) 566, 570), it was held that respondent was as much bound in his capacity as such receiver by the written contract, entered into pursuant to the authority granted, as if he had acted as an individual and that the purchaser acquired an interest in the real estate since equity regards the purchaser as the owner and the vendor as holding the legal title in trust for him. The cause was remanded for hearing on the application to set aside.

In this case respondent had not entered into a contract with appellant. The check was not a binding contract; the parties did not consider it as such, nor intend to enter into a contract at the time it was delivered. Appellant knew he was dealing with one who could contract only by authority of the court. Respondent's special deputy further advised appellant that his offer would be considered and submitted to the court and that he had no authority to sell the property. Appellant also quotes the special deputy as saying it was "the best offer we had." Respondent's application to the circuit court did not mention any contract for the sale of the real estate to appellant. It stated that respondent had "an offer from Louis Van Berg to purchase the property," and asked for an "order authorizing him to accept the aforesaid offer." The order of court does not mention or approve any contract for the sale of the real estate. The court merely entered an order that respondent "be, and he is, authorized . . . . to sell . . . to Louis Van Berg," the described real estate and stated the terms upon which respondent was authorized to sell. Appellant's application to the court for an order requiring delivery of the deed refers to appellant's action as an offer. The application recited that appellant "offered the sum of $1400, net therefor, . . . which offer was duly approved by this court, and an order authorizing the sale . . . was entered."

Appellant's application does not represent that he had a contract with respondent to purchase the property or that such contract was approved by the court. Appellant's application conceded that respondent's application was for "an order authorizing the sale" of the real estate. Appellant in his application further claimed it would be unfair "to accept the new offer." Appellant did not proceed on the theory that a contract of sale was entered into with respondent prior to the court's order, but upon the theory that the court approved appellant's offer. It is apparent that the parties recognized that no sale was made, prior to the time the court entered its first order, and that such order only authorized a sale of the property to

appellant. Such order did not purport to be an approval of any contract for a sale already made, or the acceptance, on respondent's behalf, of any offer by appellant. Even if the acceptance of the check by respondent, and the obtaining of the money thereon, constituted a contract between respondent and appellant, and prior to the date of the first order of court, such contract was not presented to or approved by the court.

Was the mere order of court, authorizing respondent to sell the real estate to appellant, an acceptance of appellant's prior offer? It was not. It only purported to authorize respondent to sell the real estate to appellant upon the terms and conditions stated therein. The court by its order does not purport to accept an offer of or to enter into a contract with appellant. The order only authorized respondent to sell the real estate to appellant. This the respondent did not do, nor contract to do, subsequent to the date of the order. No binding action of any kind was taken by respondent or his special deputy subsequent to the date of the said first order. The special deputy only forwarded a certified copy of the order of court to respondent with a form for deed for execution and return. The deed, although executed, and returned, was never delivered. Respondent failed to exercise the authority granted to him by said first order. Appellant obtained no vested right or interest in the described real estate.

The case of People ex rel. Nelson v. Ridgeway State Bank, 287 Ill. App. 112, 4 N. E. (2d) 647, 649, is very similar on its facts. We adopt, with slight modification, the statement in the case of Savings Trust Company of St. Louis v. Skain, supra, as to the facts and holdings in the Nelson case, as follows: The receiver petitioned for and obtained a court order granting him leave to sell certain assets of an insolvent bank for $800 cash. At his request the prospective purchaser deposited $50 "as evidence of good faith." Thereafter, the prospective purchaser petitioned the court and demanded a delivery of the assets, at the same time tendering the balance due of $750. But in the meantime the receiver had received a greatly increased offer ($1350) from another source, and he requested the court to vacate, as not in the best interest of the estate, the original order authorizing a sale for $800. The court did so. The Illinois Court of Appeals upheld that ruling for two reasons: (1) Because the original order was *merely permissive* and not mandatory; (2) because the complaining bidder did not allege in his petition that the assets *were sold to him*, but merely said the $50 deposit was paid as an *evidence of good faith*. On that point the opinion says: "It is very natural and, in fact, it would be the duty of the receiver, if the sale was not *completed*, upon receiving information that the securities were worth more than had been offered, to sell them to the highest bidder " (Italics ours.)

148

Partly on the basis of the above case, the rule is stated in 9 C. J. S. 983, sec. 516, as follows: "One tendering a private bid to a receiver, who refers the same to the court, does not acquire the same rights to confirmation as would one who is accepted as the highest bidder at a judicial sale of the same property, and even though the court authorizes a sale of assets at a stated price on the petition of the receiver, such authorization may be withdrawn if a better offer is made before the sale previously contemplated has been consummated."

We are of the opinion that the record fails to show any sale of the three lots to appellant. Appellant failed to establish that any contract of sale was approved by the court or that any sale contract was entered into pursuant to the court's order authorizing a sale to appellant. Appellant secured no vested equitable interest in the real estate.

Was the original order lawfully vacated? In the case of Savings Trust Company of St. Louis v. Skain, supra, where the original order of sale was set aside without a hearing or notice to either party, and after the written contract for a sale of the real estate had been entered into pursuant to said order, this court said: "Appellant's counsel concede in their brief that the court's vacating order of August 26th was prima facie valid, and that the burden will be on them to overthrow it. And this is true. The settled rule is that a judgment remains in the breast of the court during the term at which it was rendered, and that the court has inherent jurisdiction during that term to set it aside even on its own motion. . . . This may be done it is said, merely on suggestion, or even at the instigation of a stranger to the record. . . . But while the court has that general jurisdiction, and although an outside suggestion may be the motivating cause of the investigation, it does not follow that the court can act arbitrarily, without giving to the parties adversely affected notice and an opportunity to be heard on the new issues. It was held in Dougherty v. Manhattan Rubber Mfg. Company, 325 Mo. 656, 659, 29 S. W. (2d) 126, 127, that such judicial action is void. If it is not that it is at least an abuse of discretion from which an appeal will lie." (Citing cases.)

In this case the court did not act without notice or hearing. The parties in interest appeared and offered evidence and the court ruled in the interest of the estate. The outstanding fact of this record is that the respondent, acting under the supervision of the court, was about to dispose of these lots for $1400 when $2500 could be obtained therefor. Respondent held the assets of the West St. Louis Trust Company of St. Louis for the benefit of its depositors and other creditors. [Craig v. Stacy, 330 Mo. 569, 50 S. W. (2d) 104, 106; 9 C. J. S. 964, sec. 499.] It was respondent's duty and that of the trial court to attempt to secure the highest price reasonably

obtainable for the assets in respondent's possession to the end that the depositors and creditors might secure as large percentage as possible on their claims. [State ex rel. Sorensen v. Denton State Bank, 126 Neb. 486, 253 N. W. 670, 671; State ex rel. Spillman v. American State Bank of Scottsbluff, 122 Neb. 42, 239 N. W. 214, 215.] This is what respondent was endeavoring to do when he discovered that more could be obtained for the lots and petitioned for a new order of sale.

The original order authorizing a sale to appellant was vacated at the same term at which it was entered, and after notice to appellant, and after a hearing. We think it is clear from the record that a mistake had been made in authorizing a sale of the property for $1400 when $2500 could be obtained. The court acted to correct that mistake before any binding contract had been entered into pursuant to its order, and before a sale was consummated by the delivery of the deed to appellant. The court acted within its jurisdiction, upon good cause shown, and did not abuse its discretion in vacating the original order and in entering an order authorizing the sale of the property to third parties at an increased price.

The judgment is affirmed. *Hyde* and *Bradley, CC.*, concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.