JAMES FALCONE, Plaintiff-Appellee and Cross-Appellant, v. HINSDALE GYNECOLOGY & OBSTETRICS, LTD., *et al.*, Defendants-Appellants and Cross-Appellees.

Second District   No. 2—85—0379

Opinion filed October 20, 1986.—Rehearing denied November 21, 1986.

Roger K. O'Reilly and Thomas C. Dudgeon, both of O'Reilly, Cunningham, Duncan & Huck, of Wheaton, for appellants.

Richard L. Lucas and Scott T. Ferrill, both of Lucas & Ferrill, of Addison, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Defendants, Hinsdale Gynecology & Obstetrics, Ltd., Dr. George Bonertz and Dr. William Gordon, appeal from an order of the circuit court which, in winding up its affairs, distributed the assets of the dissolved corporation equally between the three shareholders, defendants Bonertz and Gordon, and the plaintiff, Dr. James Falcone. Defendants contend the circuit court erred in refusing to allow them to obtain contribution from plaintiff for payments made by Drs. Bonertz and Gordon on a promissory note. Plaintiff cross-appeals, contending that the circuit court erred in (1) appointing itself receiver; (2) refusing the

highest bid made on the sale of the corporate assets; (3) refusing to require defendants Bonertz and Gordon to pay the corporation rent for the use of corporate property after the dissolution; (4) finding that defendants had not misappropriated corporate funds; and (5) approving an assignment of a lease by the dissolved corporation.

Hinsdale Gynecology & Obstetrics, Ltd., was incorporated in December 1978 as a professional service corporation with Doctors Bonertz, Gordon and Falcone as the officers, employees, and sole shareholders of the corporation. On October 4, 1979, a meeting of the board of directors was called at which defendants Bonertz and Gordon voted to terminate plaintiff's employment contract and remove him as a corporate officer. On October 9, 1979, plaintiff filed a complaint for injunction in the circuit court, which was thereafter dismissed for failure to state a cause of action. On appeal, this court affirmed the dismissal in an order pursuant to Supreme Court Rule 23 (*Falcone v. Hinsdale Gynecology & Obstetrics, Ltd.* (1980), 81 Ill. App. 3d 1200.)

While the injunction action was pending, plaintiff filed another complaint in the circuit court in which he sought dissolution of the corporation, appointment of a receiver, and an accounting. On November 14, 1980, a meeting of the shareholders was called and defendants Bonertz and Gordon voted to dissolve the corporation. At the same meeting, the physical assets of the corporation were sold to defendants for the sum of $56,222 and the lease to the business premises assigned to them. Thereafter, defendants, who had incorporated as Bonertz & Gordon, Ltd., exercised a renewal option contained in the original lease.

In the circuit court action, plaintiff sought to enjoin defendants from carrying out the dissolution and sale. Although the court refused to enjoin the dissolution, it vacated the sale of corporate assets as not predicated on fair market value. The court denied plaintiff's motion to appoint a receiver, impressed a constructive trust upon the corporate assets, and ordered an appraisal of the physical assets of the corporation, which included medical office furniture and equipment and leasehold improvements. The parties each submitted appraisals to the court: defendant a valuation of $84,800 and plaintiff a valuation of $104,000. The court requested that three bids be made for the physical assets, one for delivery in 30 days, one for delivery in 120 days and one for delivery in 180 days, no bid to be less than $84,800. Plaintiff submitted bids of $100,000, $94,000, and $90,000; defendants Bonertz and Gordon submitted bids of $90,500, $85,000 and $85,000. The trial court found that defendants' was the "highest and best bid" on the basis that a sale to plaintiff would require a rescission of the

amount paid by defendants in the voided sale and that delivery of the assets to defendants, who had possession, could be accomplished without delay. The court thereupon accepted defendants' bid of $90,500 for delivery in 30 days and ordered the physical assets sold to them, with a credit for the $56,222 earlier paid by them to the corporation, and ordered the sale to be retroactive to November 14, 1980. The court also directed that the balance due of $34,278 be applied to any outstanding corporate indebtedness and ordered defendants Bonertz and Gordon to prepare an accounting of other corporate assets and liabilities.

On December 11, 1981, plaintiff filed a declaratory judgment action for construction of the lease, which had been assigned to defendants Bonertz and Gordon; that action was consolidated with the present case. The circuit court thereafter determined that the assignment and subsequent exercise of the renewal option by defendants were valid and denied plaintiff's petition to assess rent against defendants Bonertz and Gordon for their use of corporate property during the year following its dissolution.

Defendants Bonertz and Gordon filed an accounting which showed $22,148.66 remaining as assets of the dissolved corporation. Defendants also filed a petition seeking contribution from plaintiff of one-third of the payments made by the defendants on a promissory note signed by the three doctors. The trial court denied the petition on the ground that the obligation was a corporate debt; it approved the final accounting made by defendants Bonertz and Gordon and ordered the remaining corporate assets divided equally among the three shareholders. This appeal followed.

■ We first address the issues raised by plaintiff in his cross-appeal. Plaintiff contends the trial judge erred by appointing himself as receiver in this matter. The record is clear, however, that the trial judge in fact denied plaintiff's motion for appointment of a receiver and, in lieu thereof, imposed a constructive trust on the corporate assets and ordered an accounting. The record does not support plaintiff's assertion that the judge actually appointed himself receiver and, as plaintiff has not cited any authority to support his argument that the judge was somehow disqualified from ordering a sale of the corporate assets, plaintiff's argument on this issue will not be considered, in accordance with Supreme Court Rule 341(e)(7) (103 Ill. 2d R. 341(e)(7)). *People v. Ramirez* (1983), 98 Ill. 2d 439, 472, 457 N.E.2d 31; *In re Marriage of Anderson* (1985), 130 Ill. App. 3d 684, 688-89, 474 N.E.2d 911; *Kavanaugh v. Estate of Dobrowolski* (1980), 86 Ill. App. 3d 33, 37-38, 407 N.E.2d 856.

■ Next, plaintiff contends that in conducting the sale of the corporate physical assets the circuit court erred in refusing the highest bid, which was tendered by the plaintiff. In his complaint, plaintiff had requested that the court dissolve the corporation, appoint a receiver, and order an accounting. (See Ill. Rev. Stat. 1979, ch. 32, pars. 157.86, 157.87 (although this statute was subsequently repealed by Public Act 83—1025 (1983 Ill. Laws 720-23), similar provisions were reenacted in the Business Corporation Act of 1983 (Ill. Rev. Stat. 1985, ch. 32, pars. 12.50, 12.60)).) While the corporation dissolved voluntarily during the pendency of the suit, the court proceeded to liquidate the physical assets of the corporation in accordance with its statutory authority. It set a minimum bid of $84,800, which was the lowest valuation submitted by the parties, and invited bids by them. The court thereafter accepted defendants' bid of $90,500 although plaintiff's bid of $100,000 was substantially higher.

We consider that a principle, governing the sale of the corporate assets in winding up its affairs, requires the court to obtain the best price and accept the highest responsible bid. (See *Jackson v. Smith* (1921), 254 U.S. 586, 588, 65 L. Ed. 418, 424, 41 S. Ct. 200, 201; *People ex rel. Nelson v. Ridgeway State Bank* (1936), 287 Ill. App. 112, 116-17, 4 N.E.2d 647.) The reasons noted by the trial judge for rejecting the higher bid did not, in our view, justify abrogating this principle. Although defendants urge us to apply the rule that a judicial sale will not be set aside for mere inadequacy of price, citing *Evans v. Hunold* (1946), 393 Ill. 195, 65 N.E.2d 373, and *Berber v. Hass* (1965), 57 Ill. App. 3d 109, 207 N.E.2d 96, the present case does not involve a purchase price less than fair market value as considered in the cases cited. We conclude that it was error for the court to refuse the highest bid for the corporate assets offered by plaintiff and that the sale must be vacated and the cause remanded with directions that the property be sold to the plaintiff at his bid of $100,000, and that defendants are entitled to a refund or credit of the purchase price, upon distribution of the remaining corporate assets.

■ Plaintiff also contends in his cross-appeal that the trial court erred in refusing to require defendants Bonertz and Gordon to pay rent for their use of corporate property during the year following the dissolution. The record shows that the corporation voluntarily dissolved on November 14, 1980, and on November 9, 1981, defendants Bonertz and Gordon purchased its physical assets, consisting of medical and office equipment and leasehold improvements. During this period, defendants occupied the business premises of the dissolved corporation and utilized these corporate assets in their medical prac-

tice.

The fact that the court ordered the sale retroactive to the date of dissolution and that the assets were valued as of that date does not alter the fact the defendants used the physical assets of the corporation to generate income for themselves for approximately a year. It would ordinarily follow that the corporation was entitled to reimbursement from defendants in the form of rent; however, since plaintiff failed to introduce any evidence of rental value, we consider he has waived any claim for a portion of such rents as a shareholder for the period of November 14, 1980, to November 9, 1981, and we need not consider that issue further.

■ Next, plaintiff contends the corporation was entitled to recapture corporate funds allegedly misappropriated by defendants Bonertz and Gordon in the form of bonuses and salaries, and approximately $56,000 which was to have been paid by defendants for the sale of the corporate assets but which was not reflected in the corporate books. These arguments are not supported by the record. The trial court heard the unrefuted testimony of Dr. Gordon and the corporate accountant, who stated that the doctors' salaries and bonuses were paid in accordance with their employment contracts. The record also shows that $56,222 was paid by defendants to the corporation and then paid out in reduction of the promissory note signed by the three doctors when they were in business together. Under these circumstances the circuit court did not err in denying recapture.

■ Last, plaintiff contends the circuit court erred in finding that the assignment of the lease by the dissolved corporation was proper. The record shows that Hinsdale Gynecology & Obstetrics leased its office space under a three-year lease with Alruvo Development Company, Inc., for a term commencing September 8, 1978. The lease contained an option to renew for four successive terms of three years. On November 14, 1980, the lease was assigned to defendants Bonertz and Gordon by vote of the shareholders of the dissolved corporation, and on June 2, 1981, defendants exercised the renewal option. Plaintiff, who held an option to lease the same office space, argues that the assignment to defendants and their subsequent exercise of the renewal option were invalid because the corporation was a nullity after its dissolution and lacked the capacity to execute an assignment of its lease with Alruvo.

Contrary to plaintiff's assertion, a lease to which a corporation is a party survives dissolution of the corporation (*Abbott v. Fluid Power Pump Co.* (1969), 112 Ill. App. 2d 303, 310, 251 N.E.2d 93), and it may be assigned in the course of liquidation and winding up (*Perry v.*

*Western Motor Car Co.* (1935), 279 Ill. App. 195, 202, *appeal denied*). It is the shareholders who succeed to the rights and liabilities of the dissolved corporation in the unexpired leasehold estate. (W. Fletcher, Private Corporations sec. 8124 (1979).) Thus the lease was not terminated by the dissolution of Hinsdale Gynecology & Obstetrics, Ltd., and was properly assigned by vote of the shareholders. It follows that the renewal option was properly exercised by defendants Bonertz and Gordon, as they assumed the rights and liabilities of the dissolved corporation with respect to the lease. (*Abbott v. Fluid Power Pump Co.* (1969), 112 Ill. App. 2d 303, 310, 251 N.E.2d 93.) The circuit court did not err in finding that the assignment and exercise of the renewal option were valid.

■ We next address the sole issue raised by defendants in their direct appeal from the circuit court's order distributing the remaining corporate assets: whether defendants were entitled to contribution from plaintiff for payments made by them on a promissory note. On August 20, 1979, Doctors Bonertz, Gordon and Falcone signed a promissory note by which they obtained a $115,000 loan from the Citizens National Bank of Downers Grove. Three months later, when Dr. Falcone's contract was terminated, $112,346.34 remained outstanding on the note. By November 12, 1981, the entire balance had been retired. On appeal defendants contend that they supplied all of the funds used to retire the loan after plaintiff's termination and are entitled to a contribution from plaintiff of his one-third share of the obligation, this setoff to be charged against plaintiff's distributive share of the corporate assets.

In order to resolve this issue, the nature of the loan obligation must first be determined since only if the note were an individual as opposed to corporate obligation would the doctrine of equitable contribution apply in this case. The trial court found that the note was a corporate obligation as the parties had so stipulated, and had introduced evidence that the loan was used to pay corporate expenses, and that it appeared as a liability on the corporate books.

The note was signed as follows:

/s/ Wm. P. Gordon
/s/ George C. Bonertz
/s/ James C. Falcone

Section 3—403(2)(a) of the Commercial Code provides:

"An authorized representative who signs his own name to an instrument

(a) is personally obligated if the instrument neither names the person represented nor shows that the representative

signed in a representative capacity." (Ill. Rev. Stat. 1979, ch. 26, par. 3—403(2)(a).)

Under section 3—403(2)(a) there is a presumption that a person who signs an instrument is personally liable, and parol evidence is not admissible to overcome the presumption. *Schwarzwalder v. Waitkoss* (1981), 101 Ill. App. 3d 337, 340, 428 N.E.2d 633.

In the present case there is nothing on the face of the note naming the corporation as an obligor or indicating that the doctors signed in their respective representative capacities. (See *Burlingame v. Brewster* (1875), 79 Ill. 515; *Zella Wahnon & Associates v. Bassman* (1979), 79 Ill. App. 3d 719, 398 N.E.2d 968.) Applying section 3—403(2)(a), we conclude the note was a joint obligation of the individual doctors and reject defendants' suggestion that the corporation was a co-obligor on the note.

As joint obligors, defendants had a right of contribution against plaintiff for the amount of the loan indebtedness they paid in excess of their proportionate share. (*Roe v. Estate of Farrell* (1978) 69 Ill. 2d 525, 532-33, 372 N.E.2d 662; *Trego v. Estate of Cunningham* (1915), 267 Ill. 367, 373, 108 N.E. 350; *Schaefer v. Dippel* (1928), 250 Ill. App. 184, 188, *appeal denied*.) However, the record discloses that the loan was retired with both corporate and noncorporate funds in the following manner: Between August 20, 1979, and November 14, 1980, Hinsdale Gynecology & Obstetrics, Ltd., reduced the loan balance from $115,000 to $93,448.01. On November 14, 1980, the corporation was dissolved and its physical assets sold to defendants Bonertz and Gordon. Defendants paid the sum of $56,222 to the corporation, which, in turn, reduced the loan balance to $37,226.01. (This sale was later invalidated by the trial court.) Then defendants, who were now practicing medicine as Bonertz & Gordon, Ltd., paid $28,160 on the loan, reducing the indebtedness to $12,024.84. On November 9, 1981, the court ordered a sale of the principal assets of the corporation to defendants Bonertz and Gordon and gave them credit on the purchase price of $90,500 for the $56,222 paid by them in the previous sale. Defendants then paid the balance of the purchase price, $34,278, to the account of the dissolved corporation, and of that sum, $12,024.84 was paid to retire the note in full.

Several observations are in order. First, Doctors Bonertz, Gordon and Falcone were joint debtors on the note; however, the corporation paid most of the debt. Second, plaintiff's termination of employment on November 3, 1979, did not change the nature of the source of funds used to retire the note or relieve plaintiff of his joint obligation under its terms. Although defendants Bonertz and Gordon were the

principal employees, plaintiff remained an equal shareholder in the corporation. Third, the payments of $56,222 and $12,024.84 were made with corporate funds since they represented the proceeds of the sale of corporate assets to defendants Bonertz and Gordon.

■ Each doctor's *pro rata* share of the balance of the note indebtedness as of November 14, 1980, was one-third of the $93,448.01, or $38,333. The record shows that defendants each paid $14,080 of noncorporate funds toward their respective *pro rata* share; they paid nothing toward plaintiff's *pro rata* share, as the corporation paid the rest. In order for a party to be entitled to contribution, the evidence must show the amount he has paid in excess of his just proportion of the joint indebtedness. (*Houser v. Witt* (1982), 111 Ill. App. 3d 123, 125, 443 N.E.2d 725, *appeal denied* (1983), 93 Ill. 2d 542.) Since defendants Bonertz and Gordon paid nothing in excess of their *pro rata* share, they are not entitled to contribution from the plaintiff. We conclude the circuit court properly denied a setoff in favor of the defendants on a contribution theory.

Accordingly, the judgment of the circuit court is reversed in part, as to plaintiff's counterclaim, and it is affirmed as to defendants' appeal. The cause is remanded for further proceedings in accordance with the views expressed in this opinion.

Affirmed in part and reversed in part and remanded.

STROUSE and WOODWARD, JJ., concur.