*In re* MARRIAGE OF LORRAINE NEAT, Petitioner-Appellant, and EUGENE NEAT, JR., Respondent-Appellee.

First District (1st Division)    No. 80-2781

Opinion filed November 16, 1981.

Mark J. Heyrman, of Mandel Legal Aid Clinic, of Chicago, for appellant.

No brief filed for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Lorraine Neat and Eugene Neat were divorced on October 31, 1977. Mr. Neat was given custody of the couple's two children. No provision was made for visitation by Mrs. Neat. Subsequently, on April 22, 1980, Mrs. Neat filed a petition requesting the trial court to order Mr. Neat to allow her reasonable visitation rights. After a hearing on September 24,

1980, the trial court denied Mrs. Neat's petition. She now appeals.

On appeal, Mrs. Neat argues that the trial court erred in denying her visitation rights.

We reverse and remand.

On October 31, 1977, Eugene Neat (respondent) was granted a divorce from Lorraine Neat (petitioner). Petitioner was not present during the divorce proceedings because she was in the hospital. As a result, no provision was made for visitation with the couple's two children. Subsequently, on April 22, 1980, petitioner filed a petition requesting the court to order respondent to allow her reasonable visitation. On September 24, 1980, a hearing was held on the matter.

Petitioner's evidence consisted of her own testimony and that of her social worker. Petitioner testified that she had been in the hospital, but that she had not been hospitalized during the past 2½ years. She was being treated on an out-patient basis. She further testified that she was gainfully employed. She described her plans for the proposed visits with her children, which included going to museums, movies and out to lunch.

Petitioner's social worker testified that he had been counseling petitioner for three months for an hour to an hour and one-half each week. During counseling sessions, the social worker discussed with petitioner plans for visiting with the children, the difficulties she might encounter in reestablishing a relationship with them and how she would handle any difficulties or emergencies which might arise. He stated that in his opinion petitioner was capable of caring for her children during the proposed visits and that he did not believe the visits would endanger the children's physical, mental, moral or emotional health. He further stated that petitioner was taking medication, but that he believed that the medication would not affect her ability to care for the children during the proposed visits.

Respondent testified in his own behalf at the hearing. He stated that two years ago, petitioner had been arrested for disorderly conduct in the presence of the children. He additionally testified that five years ago, petitioner had been hospitalized and had been restrained for her own protection. Based on these facts, respondent stated that he felt that visits would endanger the children's physical, mental, moral and emotional health.

At the close of the hearing, the trial judge noted that "the lady here has been swaying back and forth. Her eyes are glazed. She is under medication. The [social worker] was holding her elbow." The court then denied petitioner visitation rights. She now appeals.

Pursuant to section 607(a) of the Illinois Marriage and Dissolution of Marriage Act, "[a] parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that

visitation would endanger seriously the child's physical, mental, moral or emotional health." (Ill. Rev. Stat. 1979, ch. 40, par. 607(a).) This section was enacted in 1977 as part of a comprehensive reform of Illinois' marriage and divorce laws. (M. Auerbach and A. Jenner, Jr., Historical and Practice Notes, Ill. Ann. Stat., chs. 39-40, p. XIX (Smith-Hurd 1980).) The old statute directed the court to enter orders regarding the "care, custody and support of the children * * * as * * * shall be fit, reasonable and just * * *." (Ill. Rev. Stat. 1975, ch. 40, par. 19.) Further, it authorized the court to enter orders regarding the "care, custody, support and education of the minor children * * * as shall be deemed proper and for the benefit of the children." Ill. Rev. Stat. 1975, ch. 40, par. 19.

■■ In marked contrast to these vague guidelines, section 607(a) deals specifically with visitation. The Commissioner's Note to section 407 of the Uniform Marriage and Divorce Act, which was enacted in its entirety in section 607, described the endangerment standard as "onerous" and states that "it was deliberately chosen to indicate its stringency when compared to the 'best interest' standard traditionally applied to this problem." The statute speaks affirmatively of a parent's "entitlement" to visitation unless the visits would endanger the children. Because of this phraseology, we believe that the custodial parent bears the burden of proving by a preponderance of the evidence that visitation would endanger the children. See *Crichton v. Crichton* (1979), 75 Ill. App. 3d 326, 393 N.E.2d 1319.

■■ In our judgment, the evidence presented by respondent falls far short of satisfying the rigorous endangerment standard. Respondent testified that petitioner had been arrested for disorderly conduct in the presence of her children. Because this incident occurred two years ago, we believe that it is of little assistance in assessing petitioner's present ability to care for her children. Respondent additionally testified that petitioner was physically restrained for her own protection when she was in the hospital five years ago. Again, we note that the time lapse between the incident and the trial court hearing mitigates the import of the evidence. We further note that respondent had not seen petitioner for seven years prior to the hearing. As a result, his opinion that the visits would endanger the children's health is of little value.

It appears from the record that the trial judge's denial of petitioner's petition was based on his personal observations of petitioner in the courtroom. While we recognize that it is the trial judge's function to observe the demeanor of witnesses in the courtroom, we must also recognize the primacy of the parent-child relationship in the area of visitation rights. In *Frail v. Frail* (1977), 54 Ill. App. 3d 1013, 370 N.E.2d 303, it was noted that "[c]ourts are reluctant to deny all visitation rights because of the underlying rationale that parents have a natural or inherent right of access to their children and that the sound public policy of this State encourages the

maintenance of strong inter-family relationships, even in post-divorce situations. Only very extreme circumstances require and allow the trial court to permanently deprive a parent of visitation." 54 Ill. App. 3d 1013, 1015.

In addition, it has been recognized that a petition to regain visitation rights is appropriate "whenever [a parent] can show an improvement in [his or her] mental condition, particularly if [he or she] obtains psychiatric treatment." (*Taraboletti v. Taraboletti* (1978), 56 Ill. App. 3d 854, 858, 372 N.E.2d 155.) In the case at bar, petitioner has demonstrated that although she was hospitalized for psychiatric treatment 2½ years ago, she has improved significantly since then. Her improvement is borne out by the fact that she is working full-time doing office work. Petitioner's social worker corroborated her testimony concerning her ability to care for her children during the proposed visits and presented additional affirmative evidence of her fitness. He stated that she had improved "in her expressions and in her ability to work on problems confronting her" and that she had made "substantial strides" in her life. He stated that she was "very diligent" in following the instructions of her present physician and that her medication would in no way interfere with her ability to care for her children.

Having carefully considered the testimony of the witnesses and the trial judge's observations, we do not believe that a denial of visitation rights was warranted. We believe that visitation provisions can be made which would accommodate the mother's interest in seeing her children without endangering the health of those children.

For the foregoing reasons, we reverse the trial court's order denying petitioner visitation rights and remand the cause for a redetermination of visitation rights in accordance with this opinion.

Order reversed; cause remanded.

CAMPBELL, P. J., and O'CONNOR, J., concur.