*In re* MARRIAGE OF JANET SUE ANDERSON, a/k/a Janet Sue Senseney, Petitioner-Appellee, and RICHARD H. ANDERSON, Respondent-Appellant.

Second District   No. 84—0826

Opinion filed February 11, 1985.

Feiwell, Galper & Lasky, of Chicago, and Michael J. Berger, Lawrence S. Starkoff, and Andrew D. Eichner, all of Mirabella & Kincaid, of Wheaton, for appellant.

George J. Sotos and Joan Brady, both of Lyle B. Haskin & Associates, and Burek & Field, both of Wheaton, for appellee.

JUSTICE STROUSE delivered the opinion of the court:

The respondent, Richard Anderson, appeals from an order of the trial court that restricted his visitation rights and denied his petition for a rule to show cause. His principal assignment of error in this court is the trial court's order restricting his visitation rights.

The petitioner, Janet Sue Anderson, a/k/a Janet Sue Senseney, and the respondent were married on August 10, 1968. Two children, Justin and Marc, were born as a result of the parties' union. Their marriage was dissolved in Cook County on November 14, 1979, pursuant to Janet's petition for dissolution. A written separation agreement, which granted the petitioner custody of the two minor children and provided for visitation rights as agreed upon by the parties, was incorporated as part of the judgment of dissolution.

On June 15, 1984, the petitioner sought to enroll the Cook County judgment in the circuit court of Du Page County, and to terminate the respondent's visitation with his minor children. The court, *ex parte*, enrolled the Cook County judgment of dissolution and suspended the respondent's visiting rights until further order of the court based on allegations of sexual misconduct of the father with his minor son, Marc, age six, when they repeatedly bathed together in a tub.

On June 25, 1984, the court granted respondent leave to file a pe-

tition to vacate the *ex parte* order, and on June 29 the parties appeared in court to determine whether Sharon Ellis, a social worker employed by the Child Sexual Abuse Treatment & Training Center of Illinois (CSATC) had completed her evaluation. The court ordered that Marc be evaluated by Dr. Roger Hatcher, that the respondent be given supervised visitation after that interview with Dr. Hatcher, and that the matter be continued to July 2. On July 2, Dr. Hatcher, a clinical psychologist, testified with respect to his interview with Marc. He conducted no psychological tests on Marc but limited his contact to a 20-minute interview. He performed tests on the respondent that demonstrated no significant clinical abnormality, and, in his opinion, the respondent had no personality trait that was consistent with the traits of a sexual abuser.

Dr. Hatcher also interviewed the petitioner and her new husband but did not conduct any tests on them, and was told of additional conduct of the child of which the mother was concerned. He stated that further evaluation was necessary but that the respondent posed no danger to the child, although he was not then convinced that no abuse had taken place. In his opinion, Marc would not suffer any psychological or physical danger if his father were allowed to visit him alone. He indicated that a supervised visitation would be prudent until he completed his evaluation, and he commented adversely on the evaluation of the CSATC.

At the conclusion of that hearing, the court entered an order reinstating visitation rights, but providing that weekend visitations were to be supervised. The order discharged CSATC and prevented them from further interviews or evaluation.

At the hearing on July 26, Dr. Hatcher testified that he interviewed Marc three times and had given him a battery of projective personality tests. He also interviewed both the petitioner and the respondent. While it was his opinion that the acts of sexual abuse had not taken place, he believed that Marc was afraid of seeing his father undress in front of him. He believed that the minor was not in danger, that the respondent had not sexually abused him, that it would be damaging to continue supervised visitation, and that the respondent should be allowed extended unsupervised visitation immediately. He also commented that Marc, now six years old, should not be bathing with his father.

At the hearing on August 8, David Moulthrop, a clinical psychologist, testified on behalf of the petitioner. He had not met Marc, the respondent or the petitioner, but gave his opinion that the psychological tests given by Dr. Hatcher could not indicate whether a child had

been sexually abused. On August 10, the trial court entered an order finding the respondent had not engaged in sexual child abuse, reinstating his visitation rights, except for supervised overnight visitation, and denying the petition for a rule to show cause. The respondent filed a motion to reconsider that order. Following a hearing, the court made a finding that Marc had suffered mental abuse, without a specific finding as to whether respondent or petitioner had caused it. The court thereafter denied the motion to reconsider. The respondent filed a timely notice of appeal from both the August 10 order and the subsequent order denying the motion to reconsider.

The respondent argues on appeal that the trial court's order of August 10, 1984, which provided, in pertinent part, that respondent was entitled to one week's summertime visitation, excluding overnight visitation, and supervised overnight weekend visitation with his minor son, amounted to a restriction of his visitation rights under section 607(c) of the Illinois Marriage and Dissolution of Marriage Act (hereinafter Act) (Ill. Rev. Stat. 1983, ch. 40, par. 607(c)).

■■ The petitioner responds that the trial court's order of August 10 amounted to a modification, rather than a restriction, of the respondent's visitation rights and that there was sufficient evidence in the record to support the modification order under the "best interest" test of section 607(c) of the Act.

Section 607(c) of the Act, which addresses both the modification and restriction of visitation, provides as follows:

> "The court may modify an order granting or denying visitation rights whenever modification would serve the best interest of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral or emotional health." Ill. Rev. Stat. 1983, ch. 40, par. 607(c).

An examination of the above enactment reflects that the legislature prescribed two different tests concerning the modification and restriction of visitation rights. (See *Gibson v. Barton* (1983), 118 Ill. App. 3d 576, 580; *In re Marriage of Solomon* (1980), 84 Ill. App. 3d 901, 906.) The best-interest-of-the-child standard governs the modification of visiting rights (*Coons v. Wilder* (1981), 93 Ill. App. 3d 127, 131; see *In re Marriage of Griffiths* (1984), 127 Ill. App. 3d 123, 125), whereas the endangerment standard governs the restriction of such rights where the court finds that the visitation as it exists seriously endangers the child's physical, mental, moral, or emotional health (see *In re Marriage of Hanson* (1983), 112 Ill. App. 3d 564, 568; *In re Marriage of Kessler* (1982), 110 Ill. App. 3d 61, 70).

With respect to the restriction of visitation, the endangerment standard is an onerous one (*In re Marriage of Hanson* (1983), 112 Ill. App. 3d 564, 568; *In re Marriage of Neat* (1981), 101 Ill. App. 3d 1046, 1048), and is more stringent or exacting than the best-interest standard (*In re Marriage of Solomon* (1980), 84 Ill. App. 3d 901, 907; Ill. Ann. Stat., ch. 40, par. 607(c), Supplement to Historical and Practice Notes, at 27 (Smith-Hurd Supp. 1983); see *In re Marriage of Neat* (1981), 101 Ill. App. 3d 1046, 1048). Where the custodial parent seeks to restrict visitation rights, he or she bears the burden of proving by a preponderance of the evidence that the existing visitation seriously endangers the child. (*Griffiths v. Griffiths* (1984), 127 Ill. App. 3d 126, 129; *In re Marriage of Neat* (1981), 101 Ill. App. 3d 1046, 1048.) Of course, the trial court is vested with wide discretion in resolving visitation issues, and a court of review will not interfere with the lower court's determination unless an abuse of discretion occurred (*Crichton v. Crichton* (1979), 75 Ill. App. 3d 326, 330), or where manifest injustice has been done to the child or parent (*In re Marriage of Lawver* (1980), 82 Ill. App. 3d 198, 202).

"Restrict" has been defined as to keep within certain limits (*Gibson v. Barton* (1983), 118 Ill. App. 3d 576, 580), or to limit, restrain, or confine within bounds (*In re Marriage of Solomon* (1980), 84 Ill. App. 3d 901, 907). The endangerment test has been applied to the granting of overnight visitation. *Crichton v. Crichton* (1979), 75 Ill. App. 3d 326, 330; see *Gibson v. Barton* (1983), 118 Ill. App. 3d 576, 580; Ill. Ann. Stat., ch. 40, par. 607(c), Supplement to Historical & Practice Notes, at 27 (Smith-Hurd Supp. 1983).

The August 10 order clearly restricted the respondent's visitation with Marc. The trial court did not make the requisite finding that the visitation would seriously endanger Marc's physical, mental, moral or emotional health (Ill. Rev. Stat. 1983, ch. 40, par. 607(c)), but rather found that the restriction in visitation was in "the best interests of the minor child." Accordingly, we conclude that the trial court erred in restricting the respondent's visitation rights. See *In re Marriage of Solomon* (1980), 84 Ill. App. 3d 901, 907; but see *In re Marriage of Johnson* (1981), 100 Ill. App. 3d 767, 771; see generally *Gibson v. Barton* (1983), 118 Ill. App. 3d 576, 580.

■ The respondent argues, without citation of authority, that the trial court's denial of his petition for a rule to show cause filed on August 3, 1984, denied him his fundamental right of due process.

Supreme Court Rule 341(e)(7) (87 Ill. 2d R. 341(e)(7)) provides that a litigant's brief must contain citations to the relevant authority supporting the argument on appeal. (*Michalek v. Village of Midlothian*

(1983), 116 Ill. App. 3d 1021, 1039.) A court of review is entitled to have the issues clearly defined and to be cited pertinent authority. (*Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 943; *Pecora v. Szabo* (1982), 109 Ill. App. 3d 824, 825-26.) A contention that is supported by some argument, but by no authority whatsoever, does not satisfy the requirements of Supreme Court Rule 341(e)(7). (*Fuller v. Justice* (1983), 117 Ill. App. 3d 933, 942-43; *Wilson v. Continental Body Corp.* (1981), 93 Ill. App. 3d 966, 969.) By failing to meet the standard of Supreme Court Rule 341(e)(7) (87 Ill. 2d R. 341(e)(7)), this issue is waived.

■ We note that defendant filed a motion to supplement the record on appeal by adding the motion to bar Sharon Ellis and the Child Sexual Abuse Treatment & Training Center of Illinois from further examination granted by the trial court and the report of Dr. Roger Hatcher which was admitted into evidence during the hearings. A search of the record indicates that these were filed appropriately, and there seems to be no reason why they were not forwarded with the original record. Accordingly, the motion to file supplemental records is granted and the matters therein incorporated in the record considered by the court.

Affirmed in part, reversed in part and remanded.

LINDBERG and SCHNAKE, JJ., concur.