*In re* MARRIAGE OF BECKI JO LINDSEY, Petitioner, and GARY ROBERT LINDSEY, Respondent (Viola Lindsey, Plaintiff-Appellant, v. Becki Jo Lindsey *et al.*, Defendants-Appellees).

Fourth District   No. 4—87—0019

Opinion filed July 16, 1987.

Philip A. Summers, of Gibson City, for appellant.

Gerald P. Rodeen, of Dilks, Rodeen & Gibson, Ltd., of Paxton, for appellees.

JUSTICE LUND delivered the opinion of the court:

Viola Lindsey filed a petition in the dissolution case of her daughter-in-law, Becki Jo Lindsey, and her son, Gary R. Lindsey, seeking

visitation of her two grandchildren, the children of Becki and Gary, under the authority of section 607(b) of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1985, ch. 40, par. 607(b)). After a hearing on the petition, the circuit court of Ford County granted her visitation with the two grandchildren on the first Saturday of each month from 12 noon until 6 p.m. in the home of Becki. Viola appeals the court's order contending the restrictive nature was an abuse of discretion and, further, limiting the visit to Becki's home was improper because of the lack of evidence visitation with Viola would seriously endanger the children's physical, mental, moral, or emotional health.

●1 Section 607(b) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 607(b)) abrogated the common law doctrine that, absent special circumstances, a nonparent could not obtain visitation of the child or children over the objection of the custodial parent. (Ill. Ann. Stat., ch. 40, par. 607(b), Supplement to Historical and Practice Notes, at 37 (Smith-Hurd Supp. 1987); see also *Hawkins v. Hawkins* (1981), 102 Ill. App. 3d 1037, 430 N.E.2d 652.) Section 607(b) expands the trial court's authority when grandparents seek visitation to the more liberal best-interest standard. See *In re Marriage of Spomer* (1984), 123 Ill. App. 3d 31, 36-37, 462 N.E.2d 724, 729.

■ The existence of the best-interest standard does not guarantee that grandparents have visitation. Normally, the loving, caring, and reasonable grandparent should be given visitation, and, normally, this visitation should not be restricted as was done by the trial court in this case. However, after a careful examination of the record, we find the trial court did not abuse its discretion.

The dissolution followed the shooting of Becki by Viola's son, Gary. While this action, evidently, did not result in a criminal conviction and may have been accidental, Gary's visitation was restricted. He now lives out-of-State, and we assume he has only limited contact with the children. The record indicates that Viola baby-sat with the children prior to the shooting and only insignificant problems existed relating to her contact with the children.

There are indications in the record that Viola is hostile towards Becki. Viola apparently placed some of the blame for the shooting on Becki. Viola was critical of Becki's church using the "Lindsey" name in a fund drive seeking to help defray Becki's medical expenses resulting from the shooting injury. The rebuttal testimony of Viola indicates a striking out at Becki that could well be contrary to the best interest of the grandchildren.

The trial court is vested with considerable discretion because of

its superior opportunity to observe the witnesses and evaluate the evidence. (*People ex rel. Bukovic v. Smith* (1981), 98 Ill. App. 3d 144, 153, 423 N.E.2d 1302, 1309.) It is obvious from the court's decision that serious doubts existed about allowing Viola any visitation. Its order restricting visitation could well have been an attempt at reconciliation, which, in turn, could result in broader contacts.

■ The trial court was not required to make a specific finding of endangerment of the children's physical, mental, moral, or emotional health. Section 607(c) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 607(c)) provides: "[T]he court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral or emotional health." This language relates to parental visitation and not to grandparents' visitation rights. Section 607(b) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 607(b)), which discusses grandparents' visitation rights, should not be interpreted as equating their rights with parental rights. Parents are responsible for the care, education, and support of the children, burdens obviously not placed on grandparents. The statutory provision granting grandparents visitation evolves from the natural affection for grandchildren. It attempts to reduce the hurt that can come from a child's marriage dissolution or from the death of a parent of the grandchildren. Grandparents, through their love and concern, can add to the development and welfare of grandchildren. They must not, however, create problems by interfering with the duties of the custodial parent. Grandparents must not attempt to prejudice children towards parents.

Reading the transcript and considering the judge's decision leaves one with an awareness of the judge's concern for Viola's possible counterproductive relationship with the children. We will not substitute our judgment for the trial court's attempt to provide for the interest of the grandmother as well as the best interest of the children.

Affirmed.

SPITZ, P.J., and KNECHT, J., concur.