DANIEL McVEY, SR., *et al.*, Plaintiffs-Appellants, v. TERRI B. FREDRICKSON *et al.*, Defendants-Appellees.

Third District   No. 3—91—0459

Opinion filed April 9, 1992.

James R. Standard, of Monmouth, for appellants.

Donovan S. Robertson, of Braud/Warner, Ltd., of Rock Island, for appellees.

JUSTICE HAASE delivered the opinion of the court:

The plaintiffs, Daniel and Patricia McVey, filed a petition pursuant to section 607(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 607(b)), seeking visitation of their two grandchildren, Paul and Rachel McVey. The defendants, Terri and Paul Fredrickson, are the natural mother and stepfather of Paul and Rachel. Following a hearing, the trial court granted the plaintiffs visitation with their two grandchildren one Saturday per month from 8 a.m. to 8 p.m. or at any other time the parties agree. The plaintiffs appeal, contending that the amount of visitation granted by the trial court was inadequate.

The plaintiffs are the paternal grandparents of Paul and Rachel. The natural father, Edward McVey, and the natural mother, Terri Fredrickson, had their marriage dissolved in March of 1987. The judgment of dissolution awarded custody of the children to Edward. On April 1, 1987, Edward died.

Following Edward's death, Terri worked two jobs. During that period, the children spent a considerable amount of time with the plaintiffs. They often stayed at the plaintiffs for a portion of each school day and sometimes stayed overnight. This level of contact continued until Terri remarried in February of 1989.

At the hearing on the plaintiffs' petition, Terri testified that after her remarriage, the children gradually spent less time with the plaintiffs. Terri explained that the decline in the amount of visitation was attributable to her remarriage and that she was currently a full-time housewife. Terri further testified that she and her current husband have attended the First Christian Church in Monmouth, Illinois, continuously for the past two years. She stated that it was important that her children attend church with her. She also stated that the children would miss out on church activities if they did not attend every Sunday.

In their petition for visitation, the plaintiffs requested that the court enter an order awarding them visitation with the children on "alternate weekends, alternate holidays, and an extended period during the summer months." Following the hearing on the petition, the trial court granted the plaintiffs visitation with the children the first Saturday of every month from 8 a.m. to 8 p.m. or at any other time the parties agree.

On appeal, the plaintiffs argue that the amount of visitation awarded to them is inadequate. They contend that it is in the children's "best interests" to allow more grandparental visitation.

Section 607(b) of the Act provides in relevant part:

> "The court may grant reasonable visitation privileges to a grandparent *** of any minor child upon petition to the court by the grandparents *** if the court determines that it is in the best interests and welfare of the child, and may issue any necessary orders to enforce such visitation privileges." Ill. Rev. Stat. 1989, ch. 40, par. 607(b).

Regarding the question of the reasonableness of the visitation granted in the present case, we note that the custody, care, and nurture of a child reside first with the parents. (See *Stanley v. Illinois* (1972), 405 U.S. 645, 31 L. Ed. 2d 551, 92 S. Ct. 1208.) Moreover, parents are responsible for the education and support of their children, burdens obviously not placed on grandparents. (*In re Marriage of Lindsey* (1987), 158 Ill. App. 3d 769, 511 N.E.2d 198.) Absent a showing of manifest injustice, a trial court's determination regarding visitation is within its sound discretion and will not be disturbed on

review. See *In re Marriage of Brophy* (1981), 96 Ill. App. 3d 1108, 421 N.E.2d 1308.

Here, we are mindful of the fact that the plaintiffs and minor children enjoyed a close and loving relationship following Edward's death. Nevertheless, we find that the trial court's decision was not an abuse of discretion. The circumstances of the family changed substantially from the time of the mother's divorce until her remarriage. The instant record shows that after the mother remarried, the children gradually enjoyed more and more of a normal family life. The mother also noted that it was important that the children attend church with her on Sundays.

It is not up to the court to regulate every detail of family relationships. What families decide to do voluntarily to encourage family visitation with grandparents is out of the ambit of court action. The court is only involved to the extent of ordering certain minimal contact once the court has determined such contact to be in the best interests of the child. Under the circumstances, we find that while a different trial court may have granted more visitation, the instant trial court's grandparental visitation order of one Saturday per month was not an abuse of discretion.

Accordingly, the judgment of the circuit court of Warren County is affirmed.

Affirmed.

McCUSKEY and STOUDER, JJ., concur.