ALBERTA LYONS, as Guardian and Conservator of Randy D. Lyons, *et al.*, Petitioners-Appellees, v. KIM LYONS, n/k/a Kim Cansler, Respondent-Appellant.

Fifth District   No. 5—91—0315

Opinion filed May 11, 1992.

Rosemary D. McGuire, of Brennan, Cates & Constance, of Belleville, for appellant.

David Ulkus, of O'Fallon, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:
The petition for modification of visitation and grandparent visitation was brought by Alberta Lyons, guardian and conservator of Randy Lyons, and Alberta Lyons and Willard Lyons, individually. The petition sought a modification and a specific visitation schedule for Randy Lyons, a disabled adult, with his two minor children, Jeremy and Tiffany Lyons, as well as visitation for Alberta and Willard Lyons, paternal grandparents of Jeremy and Tiffany. After a hearing the

court granted the modification and established a specific schedule for visitation. We affirm.

Randy Lyons and Kim Lyons, now Kim Cansler, were married April 12, 1975. Two children, Tiffany and Jeremy, were born of the marriage. On September 3, 1977, Randy Lyons was involved in an automobile accident which caused disabling brain damage, confined him to a wheelchair and required him to receive constant care and medication. On March 6, 1981, after a period of separation, a judgment was entered in Missouri dissolving the marriage and granting custody of the children to Kim with visitation rights to Randy "on all reasonable occasions."

In the succeeding years Kim Lyons remarried and, with the children, took up residence in Illinois. Since his accident Randy has spent the bulk of his time being cared for in medical institutions, and at the time of this action resided in the V.A. Medical Center in Knoxville, Iowa. Visitation, due to Randy's condition and the distance involved, was difficult and infrequent. Alberta Lyons had to travel to Illinois with Randy without the aid of her husband, who was unable to free himself from work responsibilities, because the children were not allowed to visit in Iowa by their mother. On February 16, 1987, Alberta Lyons was appointed the guardian and conservator of Randy Lyons. On August 21, 1990, the petitioners filed a petition requesting a modification of visitation, that is, a specific visitation schedule for Randy in conjunction with and concurrent to a specific visitation for the paternal grandparents, Alberta and Willard Lyons.

The trial court issued an order on December 12, 1990, granting petitioners their requested visitation at the Lyons' Iowa residence for eight consecutive days in the summer of 1991 and increasing it to 15 consecutive days by the summer of 1993 and every summer thereafter. In addition, the court granted visitation in Iowa for six consecutive days during Christmas vacation, every other year. Respondent filed a motion for reconsideration on January 9, 1991, and, in the alternative, orally requested that the matter be reopened to take additional testimony. Both the motion and the oral petition were denied.

Respondent argues that the trial court's order granting specific visitation was against the manifest weight of the evidence in that the petitioners failed to meet their burden of proof in showing that the modification was in the best interests of the children. When a noncustodial parent seeks to modify visitation rights, that parent has the burden of showing the modification is in the best interest of the child or children. *Woods v. Woods* (1986), 147 Ill. App. 3d 772, 774, 498 N.E.2d 906, 908.

■ Section 607(a) of the Illinois Marriage and Dissolution of Marriage Act provides:

> "A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger seriously the child's physical, mental, moral or emotional health." Ill. Rev. Stat. 1989, ch. 40, par. 607(a).

Thus, the statute creates something of an "entitlement" to reasonable visitation. (*In re Marriage of Neat* (1981), 101 Ill. App. 3d 1046, 1048, 428 N.E.2d 1093, 1095.) Petitioner had only to show, by a preponderance of the evidence, that reasonable visitation was not being afforded under the original judgment.

The issues before the trial court then were whether "reasonable visitation" was being afforded and, if not, would such visitation endanger the welfare of the children. Petitioners provided ample evidence showing that "reasonable visitation" under the original judgment of dissolution was not being achieved. The fact that respondent had moved to Illinois, that she would not allow the children to visit in Iowa, that Randy was confined to a wheelchair, that Alberta Lyons was able to travel to Illinois to visit her grandchildren with Randy only at tremendous inconvenience due to her age and her husband's inability to accompany her, all tend to establish the inadequacy of visitation under the previous judgment.

■ Section 607(c) of the Illinois Marriage and Dissolution of Marriage Act provides:

> "The court may modify an order granting or denying visitation rights whenever modification would serve the best interest of the child; but the court shall not restrict a parent's visitation rights unless it finds that the visitation would endanger seriously the child's physical, mental, moral or emotional health." Ill. Rev. Stat. 1989, ch. 40, par. 607(c).

■ In matters of visitation the primary concern of the court is the welfare of the child. The best interest of the child is normally fostered by having a healthy and close relationship with both parents. (*In re Marriage of Brophy* (1981), 96 Ill. App. 3d 1108, 1112, 421 N.E.2d 1308, 1311.) As such, we conclude that the trial court's order granting specific visitation periods with the paternal family in Iowa was reasonable and served the best interests of the children.

■ For the same reasons we also affirm the visitation schedule as awarded to the grandparents. While the existence of the best interest standard does not guarantee that grandparents have visitation, normally, the loving, caring, and reasonable grandparent should be given

visitation, and, normally, the visitation should not be unduly restricted. (*In re Marriage of Lindsey* (1987), 158 Ill. App. 3d 769, 770, 511 N.E.2d 198, 199.) Due to the nature of this case, visitation for Randy and the grandparents is inextricably intertwined. Even despite this, the record reveals no evidence justifying restricted visitation for Alberta and Willard Lyons. Respondent seems to make much of the fact that the children were hesitant and unwilling to visit their father and family in Iowa. Respondent points out that the children would be uncomfortable in that they would not know anyone. Obviously this is in large part due to respondent's continual refusal to allow visitation in Iowa, and it is exactly what the trial court in its order was attempting to remedy.

Respondent's contention that petitioners are primarily concerned with their own convenience is unpersuasive. On the contrary, a review of the record reveals a sincere familial concern and desire on the part of Alberta Lyons for her son and her grandchildren to know, understand, and hopefully learn to love one another. We agree with the trial court that this is certainly in the best interests of the children.

We also point out that, despite respondent's insistence, the statutory law does not require that the trial court make explicit findings with regard to the "best interest of the children." Respondent has misapplied *In re Custody of Harne* (1979), 77 Ill. 2d 414, 396 N.E.2d 499, which was a case dealing with modifying a prior custody judgment. In such an instance specific findings are required; however, no statutory or case law requires similar findings when modifying visitation.

■ Finally, respondent contends that the trial court erred in failing to allow her to reopen the case to present additional evidence regarding the natural father's propensity towards violence and his current condition and disability as it applies to the issue of the "best interest of the children" and the modification of the visitation schedule. Most of this argument stems from an incident in 1979 when Randy Lyons allegedly held a knife to young Jeremy. However, testimony at the hearing also suggested that this may have been due, at least in part, to Randy's medication and that there had been no similar incidents since that time. This incident was addressed in full at the hearing and there is simply no reason to suspect that the court did not take it into full consideration.

As regards any other evidence concerning Randy's disability and potential for violence, respondent had ample opportunity to present it at the hearing. Not only did respondent fail to present any such additional evidence at the original hearing, but she was unable to identify

412

any possible illustrations in her post-trial motion or subsequent oral argument. The burden to present evidence establishing endangerment of the child is on the custodial parent. Respondent has failed in this duty. Respondent has equally failed to indicate what, if any, proposed evidence would be presented should the case be reopened, nor has she offered any explanation as to why such evidence could not have been presented at trial. The decision to deny a motion to reopen is within the sound discretion of the trial court and will not be disturbed on review absent a clear abuse thereof. (*In re Marriage of Weinstein* (1984), 128 Ill. App. 3d 234, 249, 470 N.E.2d 551, 562.) We find no such abuse and therefore affirm.

Affirmed.

GOLDENHERSH, P.J., and RARICK, J., concur.