AUDRA DIANNA WEYBRIGHT, Plaintiff-Appellee, v. STEVEN BRIAN PUCKETT, Defendant (Judith A. Voelker, Petitioner-Appellant).

Fourth District   No. 4—93—1052

Opinion filed June 2, 1994.—Rehearing denied July 8, 1994.

Hugh H. Rowden, Jr., of McCarthy, Rowden & Faber, of Decatur, for appellant.

Thomas E. Griffith and Frederick P. Erickson, both of Erickson, Davis, Murphy, Griffith & Walsh, Ltd., of Decatur, for appellee.

JUSTICE LUND delivered the opinion of the court:

Petitioner Judith Voelker filed a petition pursuant to section 607(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/607(b) (West 1992)), seeking to establish visitation rights with her granddaughter, Heather Puckett. The circuit court of Macon County denied her petition and she now appeals.

Petitioner's evidence at the hearing before the trial court established that her son, Steven Brian Puckett, father of Heather, was deceased and that Heather lived with her mother, plaintiff Audra Dianna Weybright. The mother and petitioner's son had lived together before and after Heather's birth, but were never married to each other. The son's paternity of Heather was legally established in 1988. Heather's parents separated when she was approximately five months old. After the separation, petitioner's son had little contact with Heather and did not contribute to her support. Prior to the separation, petitioner had frequent contact with Heather but, afterward, she saw Heather only about three times. She made some efforts to gain visitation, but the mother refused. Petitioner had last seen Heather about four years ago. At the time of the hearing in this case, Heather was five years old.

At the close of petitioner's evidence, the trial court granted a motion by the mother's counsel for judgment in her favor. In doing so, the court voiced a concern about reintroducing a stranger into

Heather's life. It found that petitioner had failed to show that it was in Heather's best interest to grant the visitation.

■ Section 607(b) of the Act provides, in pertinent part:

"The court may grant reasonable visitation privileges to a grandparent, great-grandparent, or sibling of any minor child upon petition to the court by the grandparents or great-grandparents or on behalf of the sibling, with notice to the parties required to be notified under Section 601 of this Act, if the court determines that it is in the best interests and welfare of the child, and may issue any necessary orders to enforce such visitation privileges. Except as provided in paragraph (2) of this subsection (b), a petition for visitation privileges may be filed under this subsection (b) whether or not a petition pursuant to this Act has been previously filed or is currently pending if one or more of the following circumstances exist:

(A) the parents are not currently cohabiting on a permanent or an indefinite basis;

(B) one of the parents has been absent from the marital abode for more than one month without the spouse knowing his or her whereabouts;

(C) one of the parents is deceased;

(D) one of the parents joins in the petition with the grandparents, great-grandparents, or sibling; or

(E) a sibling is in State custody.

* * *

(3) When one parent is deceased, the surviving parent shall not interfere with the visitation rights of the grandparents." (750 ILCS 5/607(b) (West 1992).)

This section abrogated the common law doctrine which held that, absent special circumstances, a nonparent could not obtain visitation with a child over the objections of the child's parents. Instead, section 607(b) substitutes the more liberal best-interest standard. *In re Marriage of Spomer* (1984), 123 Ill. App. 3d 31, 37, 462 N.E.2d 724, 729.

Petitioner argues that the burden in this case was on the mother to show that visitation should be restricted, just as if the proceeding were between the custodial and noncustodial parent. She believes section 607(b) of the Act does not require a showing of best interest of the child in cases where the child of the grandparent seeking visitation has died. She cites no case law to support this view. However, she points to subsection (3) of section 607(b), quoted above, as authority for the contention that there is a presumption that a grandparent whose child has died is entitled to visitation and the

burden is on the surviving parent to show that this visitation should be restricted. She also relies on the amendment of section 607(b) by the legislature in 1991, which rewrote subsection (3) of section 607(b). (See Pub. Act 86—1452, eff. July 1, 1991 (1990 Ill. Laws 3385).) The following language was contained in that subsection before being eliminated by Public Act 86—1452:

"Further, the court, pursuant to this subsection, may grant reasonable visitation privileges to a grandparent or great-grandparent whose child has died where the court determines that it is in the best interests and welfare of the child." Ill. Rev. Stat. 1989, ch. 40, par. 607(b)(3).

■ In fact, Public Act 86—1452, which incorporated prior amendments made by Public Act 86—855 (Pub. Act 86—855, eff. September 8, 1989 (1989 Ill. Laws 4684)), Public Act 86—917 (Pub. Act 86—917, eff. September 11, 1989 (1989 Ill. Laws 5290)), and Public Act 86—1028 (Pub. Act 86—1028, eff. February 5, 1990 (1990 Ill. Laws 1)), entirely rewrote subsection (b) of section 607. The elimination of the quoted language from subsection (3) of that section has not resulted in the abrogation of the best-interest-of-the-child standard from cases such as the one here. The overriding concern of the court in any custody or visitation decision is the best interest of the child. A grandparent whose child has died and who seeks visitation under this section must show that it is in the best interest of the grandchild that the visitation request be granted. We reject petitioner's argument that there is somehow a presumption that visitation is proper and the custodial parent must show visitation should be restricted. Grandparents whose adult children have died do not step into their deceased children's shoes in regard to visitation under section 607 of the Act. In fact, prior decisions of the appellate court have noted the reasons for different treatment of grandparents in visitation matters. In *In re Marriage of Lindsey* (1987), 158 Ill. App. 3d 769, 771, 511 N.E.2d 198, 199-200, this court said that section 607(b) of the Act should not be interpreted as equating grandparents' visitation rights with those of parents, noting that parents have responsibilities toward their children which do not burden grandparents, such as caring for, supporting, and educating the children. See also *McVey v. Fredrickson* (1992), 226 Ill. App. 3d 1082, 590 N.E.2d 996.

A trial court's decision regarding visitation will not be disturbed on review, absent an abuse of discretion. (*McVey*, 226 Ill. App. 3d at 1083-84, 590 N.E.2d at 997.) Here, the mother's counsel moved for judgment in her favor at the close of petitioner's case, pursuant to section 2—1110 of the Civil Practice Law (735 ILCS 5/2—1110 (West

1992)). In a nonjury trial where such a motion is made, the court is first required to determine whether plaintiff has presented a *prima facie* case. If not, the court must grant the motion. If a *prima facie* case has been established, the court must then weigh the evidence, taking into account the credibility of the witnesses and the weight and quality of the evidence. The trial court's decision on the motion will not be reversed on appeal, unless that decision is contrary to the manifest weight of the evidence. *Zannini v. Reliance Insurance Co. of Illinois, Inc.* (1992), 147 Ill. 2d 437, 448-49, 590 N.E.2d 457, 461-62.

■ In view of the record, we must find that the trial court's decision to grant judgment to the mother was not clearly erroneous. The cases cited by petitioner are distinguishable. In *Lyons v. Lyons* (1992), 228 Ill. App. 3d 407, 591 N.E.2d 1006, the children's parents were divorced in Missouri after the father had suffered disabling brain damage in an auto accident. Custody of the children was granted to the mother. She later remarried and moved to Illinois. The father resided in a Veterans Administration medical center in Iowa. The children's paternal grandmother was appointed guardian and conservator of her son, and she and her husband petitioned the court to establish a specific visitation schedule for the father in conjunction with specific visitation for petitioners as grandparents. The court granted the request, and the mother appealed. The appellate court noted that visitation for the father and the grandparents was inextricably intertwined because of the father's disability and the fact that the grandparents had to supervise his visitation. (*Lyons*, 228 Ill. App. 3d at 411, 591 N.E.2d at 1008.) In *Lindsey*, a paternal grandmother sought visitation rights with her two grandchildren under section 607(b) of the Act. She baby-sat for the children prior to the parents' divorce. The trial court granted the visitation, but restricted visitation to one day per month at the mother's home. The grandmother appealed, contending the visitation was too restrictive. This court noted the existence of the best-interest standard did not guarantee a grandparent would receive visitation. Although the loving, caring grandparent should normally receive unrestricted visitation, the record indicated the grandmother was hostile to the mother, thus justifying the trial court's decision. *Lindsey*, 158 Ill. App. 3d at 771, 511 N.E.2d at 199-200.

In contrast to the *Lyons* and *Lindsey* cases, petitioner in the instant case has had no contact with her now six-year-old granddaughter for over four years. The child would almost certainly not know petitioner. We cannot say that in these circumstances the trial court

erred in ruling petitioner had not shown it was in Heather's best interest to grant the requested visitation.

Accordingly, the trial court's order is affirmed.

Affirmed.

McCULLOUGH, P.J., and GREEN, J., concur.