No. 2--97--1141 

_________________________________________________________________ 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit Court

ILLINOIS 
ex rel.
 JENNIFER       ) of McHenry County.

FARINA,                         )

                                )

     Plaintiff,                 )

                                )  No. 95--FA--64

v. )

)

SAMUEL S. SENSOR,               )

)

Defendant )

                                )

(Dale Sensor, Petitioner-       )  Honorable 

Appellant; Jennifer Farina,    ) Sharon L. Prather,

Respondent-Appellee).           )  Judge, Presiding.

_________________________________________________________________

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

The petitioner, Dale Sensor, appeals the order of the circuit court of McHenry County that dismissed her petition for visitation with her granddaughter, Kayla Marie Farina.  The petitioner contends that the trial court erroneously determined that the doctrine of 
res judicata
 (
res judicata
) barred the petition.  We reverse and remand for further proceedings

This case began when the State filed a complaint on behalf of Kayla's mother, Jennifer Farina (the respondent), to establish Kayla's paternity.  The defendant, Samuel Sensor, admitted 
paternity.  Thereafter, the court entered various orders for child support.

The petitioner, Samuel Sensor's mother, first sought visita-

tion with Kayla on July 19, 1995.  Pursuant to an agreed order, the petitioner was granted temporary visitation and the trial court subsequently made it permanent.

On April 17, 1996, the court entered an agreed order providing that the petitioner's visitation was "terminated."  However, the order also provided for extensive visitation with Samuel Sensor and specifically provided that the visitations were to occur at the petitioner's home.  It appears that Samuel Sensor was residing with the petitioner at that time.

On July 23, 1997, the petitioner filed a petition for visitation, alleging that Samuel Sensor had moved out of her home and that the respondent refused to allow her any contact or visitation with Kayla.  The respondent moved to dismiss the petition, alleging that it was barred by 
res judicata
 because the April 17, 1996, order terminated the petitioner's visitation.  The court granted the motion.  After the court denied her motion to vacate, the petitioner filed a timely notice of appeal.

The petitioner contends that the trial court erred in dismissing her petition on the basis of 
res judicata
 without conducting an evidentiary hearing.  She contends that the April 17, 1996, agreed order was not a final disposition on the merits but merely "abated" temporarily her separate visitation because it was not then necessary.  She also argues that 
res judicata
 should not be rigidly applied in custody and visitation cases because such orders are always subject to modification and the overriding consideration is the child's best interests.

The trial court presumably dismissed the petition pursuant to section 2--619(a)(4) of the Code of Civil Procedure (735 ILCS 5/2--

619(a)(4) (West 1996)).  For purposes of a section 2--619 motion a defendant admits all well-pleaded facts.  We review a dismissal pursuant to section 2--619 
de novo
.  
Sassali v. Rockford Memorial Hospital
, 296 Ill. App. 3d 80, 83 (1998).

Res judicata
 precludes an action between parties when a judgment on the same claim or cause of action was previously rendered against the same party in an earlier proceeding.  
In re Marriage of Weaver
, 228 Ill. App. 3d 609, 617 (1992).  Here, the April 17, 1996, order simply was not a final determination on the merits that visitation with her grandmother would not be in the child's best interests.  Although the use of the word "termination" was perhaps unfortunate, the order as a whole reflects that the petitioner would continue to see Kayla at her home and that the petitioner's separate visitation was being suspended only because it was not then necessary.  These facts were confirmed by the uncontradicted affidavit of the petitioner's counsel, which was attached to her response.

In any event, it is well established that 
res judicata
 should not be applied strictly in custody and visitation matters.  
In re Marriage of Fields
, 283 Ill. App. 3d 894, 901-02 (1996).  The doc-

trine should not be applied to bar evidence when the most important consideration is the child's best interests.  
Weaver
, 228 Ill. App. 3d at 616.  Moreover, visitation orders may be modified at any time whenever modification would serve the child's best interests.  750 ILCS 5/607(c) (West 1996).  A court's order regarding custody or visitation is 
res judicata
 only to facts which existed at the time the order was entered.  
Fields
, 283 Ill. App. 3d at 902.  Here, the new petition alleged that Samuel Sensor had lived with the petitioner but had recently moved out.  The petition at least arguably alleges changed circumstances sufficient to warrant a hearing.

The respondent also contends that the trial court's order may be affirmed on the basis that the petitioner never had a right to seek visitation with Kayla in the first place.  The respondent points out that this case arose under the Illinois Parentage Act of 1984 (the Parentage Act) (750 ILCS 45/1 
et seq.
 (West 1996)).  Section 14(a)(1) of the Parentage Act provides that any judgment entered shall contain or explicitly reserve provisions concerning, 
inter alia
, custody and visitation, "which the court shall determine in accordance with the relevant factors set forth in the Illinois Marriage and Dissolution of Marriage Act" (the Marriage Act).  750 ILCS 45/14(a)(1) (West 1996), citing 750 ILCS 5/101 
et seq.
 (West 1996).  In 
Department of Public Aid ex rel. Gagnon-Dix v. Gagnon
, 288 Ill. App. 3d 424, 428 (1997), the Appellate Court, Fourth District, stated that section 14(a)(1) of the Parentage Act incorporates section 602 of the Marriage Act (750 ILCS 5/602 (West 1996)), governing custody determinations, but not section 607 (750 ILCS 5/607 (West 1996)), governing visitation.  The respondent contends that because provisions for grandparent visitation are found only in section 607, a separate order for grandparent visitation is unavailable in a case brought under the Parentage Act.  We disagree.

First, such a conclusion is not supported by the plain language of the relevant statutes.  Presumably the Parentage Act's reference without qualification to the Marriage Act means all of it.  Nothing in the Parentage Act expressly excludes section 607.  Moreover, section 607 itself provides that a court "may grant reasonable visitation privileges to a grandparent, great-

grandparent, or sibling of 
any
 minor child" if certain conditions exist.  (Emphasis added.)  750 ILCS 5/607(b)(1) (West 1996).  None of the listed conditions refers to the marital status of the minor's parents.

Where the language of a statute is clear and unambiguous, it should be given its plain and ordinary meaning.  
Sassali
, 296 Ill. App. 3d at 83.  A court is not justified in reading into a statute exceptions and limitations that the legislature did not intend.  
Lemont-Bromberek Combined School District No. 113(a) v. Walter
, 279 Ill. App. 3d 847, 850 (1996).

The cases that the respondent cites do not support her conten-

tions.  
Gagnon
 involved a petition for visitation by the putative father.  Although the appellate court affirmed the order granting the father visitation, it expressed its concern that in a case under the Parentage Act a father who had been otherwise uninvolved with the child but was forced to accept responsibility for her might use the visitation provisions merely to harass the mother or disrupt the child's life.  
Gagnon
, 288 Ill. App. 3d at 428.

These considerations do not apply with the same force when the petitioner is a grandparent and has been seeing the child virtually since her birth, and nothing in 
Gagnon
 shows an intention to preclude grandparent visitation.  In fact, 
Gagnon
 relies on 
Weybright v. Puckett
, 262 Ill. App. 3d 605 (1994), which the respondent also cites.  A close reading of 
Weybright
, however, actually supports the petitioner's position.

In 
Weybright
, the mother and the putative father were never married, but the minor's paternity was "legally established," presumably through the Parentage Act.  
Weybright
, 262 Ill. App. 3d at 606.  The appellate court affirmed the order denying grandparent visitation because the evidence supported the trial court's con-

clusion that such visitation was not in the child's best interests.  
Weybright
, 262 Ill. App. 3d at 609.  The court never said that the grandmother was legally barred from bringing the petition, and had that been the case there would have been no need to consider the evidentiary issue.

Finally, construing the statutes as the respondent suggests might well render them unconstitutional.  We have a duty to construe a statute, if possible, so that it is constitutional.  
R.W. Dunteman Co. v. C/G Enterprises, Inc.
, 181 Ill. 2d 153, 163 (1998).  Construing the statute as the respondent suggests would create an arbitrary distinction between classes of grandparents based on their children's marital status and, indirectly, upon the legitimacy of their grandchildren.  The Supreme Court has held that distinctions based on legitimacy must be rationally related to a legitimate state interest.  
Trimble v. Gordon
, 430 U.S. 762, 768-

69, 52 L. Ed. 2d 31, 38, 97 S. Ct. 1459, 1464 (1977).  The re-

spondent does not even suggest a rational basis for discriminating against illegitimate children and their grandparents by providing a statutory mechanism for the grandparents of legitimate children to obtain visitation while denying a corresponding right in the case of illegitimate children.  The plain language of the statute does not create such a distinction, and we decline to render the statute constitutionally suspect by reading one into it.

The judgment of the circuit court of McHenry County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

BOWMAN and RAPP, JJ., concur.