NOTICE

Decision filed 02/04/08. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-07-0256

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| *In re* GRANDPARENT VISITATION OF CHINA PFALZGRAF, a Minor | ) Appeal from the<br>) Circuit Court of<br>) Madison County. |
| (Cynthia Pfalzgraf and Roger Pfalzgraf, | ) |
| Petitioners-Appellants, | ) |
| v. | ) No. 07-F-137 |
| Deann McCann, | ) Honorable<br>) Duane L. Bailey, |
| Respondent-Appellee). | ) Judge, presiding. |

_____

JUSTICE WEXSTTEN delivered the opinion of the court:

The petitioners, Cynthia and Roger Pfalzgraf, appeal from the circuit court's order entered on their petition for grandparent visitation (750 ILCS 5/607 (West 2006)). For the reasons that follow, we affirm.

BACKGROUND

China Pfalzgraf is the minor daughter of Michael Pfalzgraf and the respondent, Deann McCann. Michael and the respondent are divorced, and the respondent is China's custodial parent. The petitioners are China's paternal grandparents.

On February 27, 2007, the petitioners filed a petition for grandparent visitation with China pursuant to section 607 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/607 (West 2006)). The petition, which stated, *inter alia*, that Michael did not object to his parents' request, sought "extensive visitation" with China.

On April 11, 2007, the parties' attorneys advised the circuit court that the parties were in agreement that the petitioners should have visitation with China but that the parties

1

disagreed with regard to when that visitation should occur. The petitioners wanted the proposed visitation to occur during the respondent's custody time because they did not want to diminish Michael's visitation time with China, but the respondent did not want the petitioners' visitation time to diminish her custody time. Counsel directed the court's attention to section 607 of the Act and, in particular, to subsection (a-5)(1)(B), which provides, in pertinent part, as follows: "The visitation of the grandparent *** must not diminish the visitation of the parent who is not related to the grandparent *** seeking visitation[.]" 750 ILCS 5/607(a-5)(1)(B) (West 2006). After reviewing section 607 of the Act, the circuit court directed counsel to prepare the following order, which the court entered the same day:

> "Cause comes on for hearing on petition for grandparent visitation.
>
> Parties agree that grandparent visitation herein should be allowed. However, Mother maintains that grandparent visitation should not diminish her custodial time with the minor child. Mother cites [section 607(a-5)(1)(B)] in support of her position. Said provision states that 'The visitation of the grandparent ... must not diminish the visitation of the parent who is not related to the grandparent ... seeking visitation.[']
>
> Wherefore, the Court orders that the grandparents shall be allowed visitation but said visitation shall take place during their son's visitation and shall not diminish the time during which the Mother currently has the minor child."

The petitioners subsequently filed a timely notice of appeal.

## ANALYSIS

The petitioners argue that the circuit court "improperly conflated the terms 'visitation' and 'custody' " when the court concluded that subsection (a-5)(1)(B)'s directive that "[t]he visitation of the grandparent *** must not diminish the visitation of the parent who is not related to the grandparent *** seeking visitation" (750 ILCS 5/607(a-5)(1)(B) (West 2006))

2

precluded it from ordering that their requested visitation occur during the respondent's custody time. The petitioners maintain that the directive was enacted to "prevent a court from reducing the time that a noncustodial parent will have with his or her child" and should be interpreted accordingly. The respondent counters that the circuit court correctly interpreted subsection (a-5)(1)(B)'s directive to mean that "[t]he parent who is unrelated to the party requesting visitation rights does not have to give up their time with the child to allow [grandparent] visitation."

The interpretation of a statute is a question of law, for which the standard of review is *de novo*, and the "primary objective is to ascertain and give effect to legislative intent, the surest and most reliable indicator of which is the statutory language itself, given its plain and ordinary meaning." *People v. Perry*, 224 Ill. 2d 312, 323 (2007). Section 607 of the Act refers to both "custody" and "visitation," while subsection (a-5)(1)(B)'s directive that "[t]he visitation of the grandparent *** must not diminish the visitation of the parent who is not related to the grandparent *** seeking visitation" refers only to the latter (750 ILCS 5/607(a-5)(1)(B) (West 2006)). Thus, given its language's plain and ordinary meaning, the directive only precludes a court from granting grandparent visitation that diminishes the *unrelated* parent's *visitation* time.

If we were to adopt the petitioners' proposed interpretation of subsection (a-5)(1)(B), we would have to ignore that, as written, its directive only precludes the diminishment of the unrelated parent's visitation. If we were to adopt the respondent's proposed interpretation, we would have to read the phrase "the visitation of the parent" as "the visitation or custody time of the parent." Under the circumstances, we are unable to adopt either proposed interpretation. "We cannot read words into a statute that are not there" (*Chicago Tribune Co. v. Board of Education of the City of Chicago*, 332 Ill. App. 3d 60, 67 (2002)), nor can we "ignore the plain language of the statute and the intent of the legislature" (*Rita v. Mayden*,

3

364 Ill. App. 3d 913, 918 (2006)). As previously stated, by its plain terms, subsection (a-5)(1)(B) only precludes a court from granting grandparent visitation that diminishes the *unrelated* parent's *visitation* time. In the present case, the petition for visitation was brought by the grandparents who are related to the parent with visitation, and subsection (a-5)(1)(B)'s directive regarding the unrelated parent's visitation time is thus inapplicable. Nevertheless, "[a]s a reviewing court, we can sustain the decision of the circuit court on any grounds which are called for by the record regardless of whether the circuit court relied on the grounds and regardless of whether the circuit court's reasoning was sound." *City of Chicago v. Holland*, 206 Ill. 2d 480, 492 (2003).

Section 607 of the Act provides a mechanism by which a minor child's grandparents may petition the court for visitation under certain circumstances. *Lulay v. Lulay*, 193 Ill. 2d 455, 474 (2000). As with any visitation decision, the overriding concern in a proceeding on a petition for grandparent visitation is the best interests of the child. *Weybright v. Puckett*, 262 Ill. App. 3d 605, 608 (1994).

It is presumed that "a fit parent's decision to deny or limit [grandparent] visitation is in the child's best interests." *Wickham v. Byrne*, 199 Ill. 2d 309, 318 (2002). This presumption is reflected in section 607(a-5)(3) of the Act (*Flynn v. Henkel*, 227 Ill. 2d 176 (2007), No. 103946, slip op. at 5-6 (November 29, 2007)), which provides, in pertinent part, as follows:

> "[T]here is a rebuttable presumption that a fit parent's actions and decisions regarding grandparent *** visitation are not harmful to the child's mental, physical, or emotional health. The burden is on the party filing a petition under this Section to prove that the parent's actions and decisions regarding visitation times are harmful to the child's mental, physical, or emotional health." 750 ILCS 5/607(a-5)(3) (West 2006).

4

Here, the respondent, as China's custodial parent, advised that she did not want the petitioners' visitation time to diminish her custody time. It is presumed that the respondent's decision is "not harmful to [China's] mental, physical, or emotional health" (750 ILCS 5/607(a-5)(3) (West 2006)) and is in China's best interests (*Byrne*, 199 Ill. 2d at 318). Pursuant to subsection (a-5)(3), it was therefore incumbent upon the petitioners to prove that the respondent's decision regarding the visitation *is* harmful to China's mental, physical, or emotional health. See *Henkel*, slip op. at 5-6. The petitioners made no attempt to do so, however, and merely maintained that they did not want their visitation time with China to diminish Michael's visitation time. We also note that the petitioners do not argue that the present cause should be remanded so that they can have the opportunity to prove that the respondent's decision regarding the visitation is harmful to China's mental, physical, or emotional health. By failing to rebut the presumption set forth in subsection (a-5)(3), the petitioners failed to provide the circuit court with a valid basis upon which to grant their request that the visitation occur during the respondent's custody time. *Cf. Henkel*, slip op. at 8 (reversing the circuit court's order granting grandparent visitation where the court's "unsupported oral pronouncement that [the] petitioner had met her burden of proof in overcoming the statutory presumption that [the custodial parent's] decision denying grandparent visitation was not harmful to [the minor child's] mental, physical[,] or emotional health [was] against the manifest weight of the evidence"). Accordingly, we affirm the circuit court's order denying the petitioners' request that their visitation time occur during the respondent's custody time.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

5

Affirmed.


GOLDENHERSH and DONOVAN, JJ., concur.

NO. 5-07-0256

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| *In re* GRANDPARENT VISITATION OF CHINA PFALZGRAF, a Minor | ) Appeal from the<br>) Circuit Court of<br>) Madison County. |
| (Cynthia Pfalzgraf and Roger Pfalzgraf, | ) |
| | ) |
| Petitioners-Appellants, | ) |
| | ) |
| v. | ) No. 07-F-137 |
| | ) |
| Deann McCann, | ) Honorable<br>) Duane L. Bailey, |
| Respondent-Appellee). | ) Judge, presiding. |

---

**Opinion Filed**:  February 4, 2008

---

**Justices**:  Honorable James M. Wexstten, J.,

Honorable Richard P. Goldenhersh, J.,
Honorable James K. Donovan, J.,
Concur

---

**Attorney for Appellants**  Kevin A. Polo, Law Office of Kevin A. Polo, J.D., 207 North Macoupin, Gillespie, IL 62033-1470

---

**Attorney for Appellee**  Charles H. Stegmeyer, Stegmeyer & Stegmeyer, 100 South Charles Street, Suite 1, Belleville, IL 62220